**UNITED STATES of America,
Plaintiff,**

v.

**BUSINESS BUILDERS, INC., a corporation, and Frank E. Wood, an Individual, Defendants.**

No. 72–CR–185.

United States District Court,
N. D. Oklahoma,
Criminal Division.

Feb. 5, 1973.

Nathan G. Graham, U. S. Atty., Jack M. Short, Asst. U. S. Atty., Tulsa, Okl., for plaintiff.

Robert Tips, Ted P. Gibson, Richard Comfort, Tulsa, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

Defendants seek suppression of evidence taken from a warehouse operated by them on the ground of lack of lawful authority to seize such evidence. At a hearing on Defendants' Motion, the parties agreed to submit the controversy on stipulated facts and briefs in support of their respective positions. This has been done.

In summary, the stipulation shows that Defendant Wood was President of Defendant Business Builders, Inc. at all times pertinent to this inquiry. On October 26 and 27, 1971, two Food and Drug Inspectors presented themselves in civilian clothes at Defendants' warehouse, identified themselves as such Inspectors and served a statutory notice of inspection upon Defendant Wood. Defendant Wood assisted them in this inspection and in the gathering of samples which are the subject of the present Motion. He had been visited on prior occasions by these and other Inspectors. On one of these previous occasions, he was informally advised that he could face criminal prosecution if he refused to permit an inspection. Defendant Wood has abandoned that portion of his Motion to Suppress relating to statements made by him to government officials in the course of this investigation and the Court is concerned solely with the issues involved in the search for and seizure of contaminated food at Defendants' premises.

Defendants claim that the consent to search given by Defendant Wood on October 26 and 27, 1971 was not voluntary and that as this search was conducted without a warrant or valid consent, the evidence seized may not be used at trial. Plaintiff admits the search was warrantless but contends that a warrant was unnecessary, that consent was voluntarily given by Defendant Wood and that in any event in this type of food and drug case consent is immaterial.

Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967) and See v. City of Seattle, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967), engendered much confusion as to the permissible scope of regulatory inspections. See Colonnade Catering Corp. v. United States, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970). As a result, the Supreme Court sought to clarify its views in United States v. Biswell, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972), and it is this Court's conclusion that in the circumstances of this case, neither consent nor a search warrant is necessary. The Supreme Court stated in the *Biswell* case, *supra,* that:

"In the context of a regulatory inspection system of business premises

that is carefully limited in time, place, and scope, the legality of the search depends not on consent but on the authority of a valid statute." 406 U.S. at p. 315, 92 S.Ct. at p. 1596, 32 L.Ed.2d at p. 92.

The Statute giving authority to inspect in this case is 21 U.S.C.A. § 374. It permits inspection "at reasonable times" and "within reasonable limits" of warehouses containing the food products subject to federal regulation and here seized. The principle that appears to be involved in *Biswell* and *Colonnade* is that,

> "Congress has broad power to design such powers of inspection . . . as it deems necessary to meet the evils at hand." 397 U.S. at p. 76, 90 S.Ct. at p. 777, 25 L.Ed.2d at p. 64.

It would be an affront to common sense to say that the public interest is not as deeply involved in the regulation of the food industry as it is in the liquor and firearms industries.[1] One need only to call to mind recent cases of deaths occurring from botulism. Modern commerce has devised such an efficient and rapid means of distribution of food products to the consumer that a batch of contaminated food may cause widespread illness and death before the public can be warned and the contaminated products removed from the market.

In effect, the statute takes the place of a valid search warrant. Thus, consent is immaterial and Defendants do not contend that the inspection was conducted unreasonably as to time, place or method. It follows, under the principles discussed above, that the articles seized by Plaintiff's agents were seized pursuant to lawful authority conferred by statute and Defendants' Motion to Suppress should be denied.

Defendants' Motion for the Return of Seized Property and the Suppression of Evidence is denied.

---

[1]. Presumably, federal interest in liquor is pecuniary, due to the great amount of taxes collected from that industry. Likewise, federal interests in firearms is the prevention of violent crime. However, it would seem to this Court that the public health and welfare under any system of values would be more important than revenue and suppression of criminal activity.