QUESTION: May the city council provide for the entry upon and inspection of private buildings and construction projects within the municipality in order to investigate its building department and to insure proper conduct of the building inspectors and officials of the city in the enforcement of the South Florida Building Code?
SUMMARY: The governing body of the City of Tamarac cannot validly provide for the warrantless entry upon and inspection of private buildings and construction projects within that municipality for the purpose of investigating the city's building department or to insure proper conduct of the city's building inspectors and officials in the enforcement of the South Florida Building Code as statutorily incorporated into Ch. 71-575, Laws of Florida, and made applicable to all municipalities and unincorporated areas of Broward County. Section 201.2 of the South Florida Building Code, 1970 Dade County edition (hereinafter referred to as the "code"), provides as follows: Right of Entry. Upon presentation of the proper credentials, the Building Official or his duly authorized representatives may enter, at any reasonable time, any building, structures or premises for the purpose of inspection or to prevent violation of this Code. (Emphasis supplied.) The code, which goes on to establish detailed building construction requirements and standards, was made applicable to all municipalities and unincorporated areas of Broward County by Ch. 71- 575, Laws of Florida. You inquire as to whether the foregoing right of entry provision of the code is limited in application to the building official and his duly authorized representatives for the purpose of code enforcement or whether other persons authorized by the governing body of the city may also enter private buildings, structures, and premises and inspect the same as a means of investigating the city's building department, its building officials and inspectors, and alleged violations of the statutory building code. In this regard, the Fourth Amendment to the United States Constitution, made applicable to the states through the due process clause of the Fourteenth Amendment, Mapp v. Ohio,367 U.S. 643, reh. den. 368 U.S. 871 (1961), guarantees to all persons the right of privacy free from unreasonable state intrusion. See also Art. I, s. 12, State Const. The effect of these organic provisions securing freedom from unreasonable searches is, in general and except as an incident to lawful arrest, to render a warrant necessary whenever a search of a person's private premises is to be made, 29 Fla. Jur. Search and Seizure s. 27, p. 251; and, generally, no search warrant is issuable except on probable cause. Id. at s. 31, p. 255. With respect to the instant inquiry, this "probable cause" requirement has been relaxed in the area of "administrative searches." Thus, the United States Supreme Court, in Camara v. Municipal Court, 387 U.S. 523 (1967), held that administrative inspections to enforce community health and welfare regulations could be made on less than probable cause to believe that particular dwellings were the sites of particular violations. [See] 387 U.S. at 534-536, 538. Yet the court insisted that the inspector obtain either consent or a warrant supported by particular physical and demographic characteristics of the areas to be searched. Id. See also See v. City of Seattle, 387 U.S. 541,545 (1970), in which the court concluded that administrative entry, without consent, upon the portions of commercial premises which are not open to the public may be compelled only through prosecution or physical force within the framework of a warrant procedure. More recently, the United States Supreme Court has established a limited exception to this "administrative warrant" requirement, holding that, even in the absence of consent, an administrative inspection may be made without a warrant if the business searched is one in which there is a legitimate public interest in close regulation and if the search is conducted under the authority of a statute meeting certain specificity requirements. United States v. Biswell, 406 U.S. 311 (1972); 29 Fla. Jur. Search and Seizure s. 11, p. 225. In Biswell, the court upheld a warrantless search made pursuant to a federal statute permitting entry "during business hours [of] the premises (including places of storage) of [regulated firearms businesses] for the purpose of inspecting or examining (1) any records or documents required to be kept . . . and (2) any firearms or ammunition kept or stored . . . at such premises." [See]18 U.S.C. § 923(g). The search was lawful despite the absence of a warrant since it was made "[i]n the context of a regulatory inspection system of business premises which is carefully limited in time, place and scope. . . ." [See] 406 U.S. at 315. The rationale implicitly underlying the Biswell decision is stated in Colonade Catering Corp. v. United States, 410 F.2d 197 (2d Cir. 1969), rev'd, 397 U.S. 72 (1970): In contrast to such broad delegation of inspection authority [as that involved in See, supra], the statutory grants of inspection power here under review [26 U.S.C. ss. 5146(b) and 7606(a)] are carefully defined and narrowed to the point where they grant little, if any, more authority than that which would be extended in a warrant issued by a magistrate after review. . . . * * * * * . . . the imposition of a requirement that alcohol tax inspectors obtain warrants before carrying out the specifically defined inspection authorized by statute would serve no useful purpose in protecting the Fourth Amendment rights of the liquor dealer. Those rights are already protected by the restrictions contained in the statute itself. We are not dealing here with `area' or `general' searches of the type authorized by municipal codes, and there is no need to utilize the warrant machinery as a means of establishing standards for protection against unwarranted intrusions possible under such codes. Here the area eligible for inspection is clearly and narrowly defined; the purpose is relevant; the scope is limited; and all of these aspects are well known to the operators of the premises being inspected. Nothing of consequence therefore would be achieved through individualized review by a magistrate. In the proper exercise of his discretion, the magistrate would be compelled to issue a warrant as a matter of course, duplicating the limited authority already granted by statute. In short, the statute here under consideration is the equivalent of a warrant. [See]410 F.2d at 201, 202. See also Youghiogheny and Ohio Coal Company v. Morton, 364 F. Supp. 45 (S.D.Ohio 1973) (mine inspection); Terraciano v. Montanye, 360 F. Supp. 1377 (W.D.N.Y. 1973) (pharmacy inspection); United States v. Lituin, 353 F. Supp. 1333
(D.D.C. 1973) (food and drug inspection); United States v. Business Builders, Inc., 354 F. Supp. 141 (N.D.Okla. 1973) (food and drug inspection). Finally, in Youghiogheny and Ohio Coal Company v. Morton, supra, it was emphasized that warrantless, unannounced administrative inspections, as contemplated in Biswell, supra, must be for the purpose of the statute authorizing such inspections and that the statutory power to inspect cannot be used to conduct a search for other purposes. [See] 364 F. Supp. at p. 50. See also Olson v. State, 287 So.2d 313 (Fla. 1973), stating that such warrantless inspections and searches are constitutionally justified only in those exceptional situations where the public welfare demands different treatment for them and only then when the exceptions are made plainly to appear in the governing statutes. Id., at p. 315. Applying the foregoing constitutional considerations to the instant inquiry, there may well be such a legitimate public interest in the close regulation of building construction under Ch. 71-575, supra, and the specificity of s. 201.2 of the code (quoted above) as statutorily incorporated by Ch. 71-575 may be such that the inspection of buildings, structures, and premises by the building official or his duly authorized representative may be conducted without an administrative warrant. Moreover, it is well settled in this jurisdiction that a statute found on the statute books must be presumed to be valid and must be given effect until it is judicially declared unconstitutional. Evans v. Hillsborough County, 186 So. 193, 196 (Fla. 1938). In any event, a determination as to the necessity of the building official or his duly authorized representative to obtain an administrative warrant in order to make inspections and to enforce and prevent violations of the statutory building code need not be made here, since your inquiry goes to the authority of other municipal officials to enter upon buildings, structures, or premises for a purpose other than direct code enforcement or prevention of violations thereof. And, as previously noted, valid statutory power to conduct a warrantless inspection for a particular purpose, if it does exist, cannot be used to conduct a search for another purpose. See Olson v. State, supra. Thus, in this instance, s. 201.2 of the code cannot be relied upon as authority for other municipal officials or their designees to enter private buildings and enter upon building construction projects to insure proper conduct by a building official or inspector or to investigate into a city building department. It might be noted that s. 203.4(c) of the code provides that the Broward County Board of Rules and Appeals, upon the request of any person charged with the responsibility of enforcing the code (including city councilmen), or upon its own initiative, shall conduct investigations into enforcement of the code. In sum, therefore, I am of the opinion that the city council may not constitutionally provide for the warrantless entry into and inspection of private buildings and construction projects within the municipality for the purpose of investigating the city's building department or to insure proper conduct of the city's building inspectors and officials in the enforcement of the South Florida Building Code.