**UNITED STATES of America, Plaintiff,**

v.

**Rhett SEARLE, Defendant.**

**No. 92–CR–140G.**

United States District Court,
D. Utah, C.D.

Oct. 21, 1992.

**1438**

Asst. U.S. Atty. Paul Warner, Salt Lake City, Utah, for plaintiff.

Rodney Snow, Clyde, Pratt & Snow, Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter came on regularly for hearing on September 21, 1992, on Defendant's Motion to Suppress. The government was represented by Assistant United States Attorney Paul Warner. Defendant Searle was represented by Rodney Snow of the law firm Clyde, Pratt & Snow. Counsel presented oral argument to the Court after which the matter was taken under advisement. Now being fully advised, the Court sets forth the following Memorandum Decision and Order.

## BACKGROUND

On April 27, 1992, a search warrant (the "Warrant") was executed at the Defendant's place of business, AAA Pawn, in Vernal, Utah. An affidavit in support of the search warrant (the "Affidavit") was submitted by Agent Jimmy C. Gober of the Bureau of Alcohol, Tobacco and Firearms ("ATF"). The Affidavit sets forth five separate occasions in which the Defendant Rhett Searle sold firearms to undercover agents in violation of federal statutes making it unlawful to sell handguns to out-of-state residents and to sell firearms of any kind to convicted felons. *See* 18 U.S.C. § 922(b)(3) & (d) (Supp.1992). In addition, Agent Gober alleges in the Affidavit alleges false entries were made in the sales records required by federal law for the sale of weapons. *See* 18 U.S.C. §§ 922(m), 1001 (1984).

The specific facts relevant to the alleged criminal conduct and subsequent issuance of the search warrant are set forth in the Affidavit in pertinent part as follows:

* The Searle's have held Federal Firearms Dealers License # 87–06995 since 1984.

* On March 11, 1992, Rhett Searle, at AAA Pawn, sold a semi-automatic pistol to an ATF Confidential Informant whom Mr. Searle was told was a convicted felon. Kenneth Shelton, a third-party, non-licensed individual, signed the ATF Firearms Transaction record form 4473 stating that he was the purchaser of the firearm. Mr. Searle was present and knew that the Confidential Informant was the actual purchaser of the firearm. Shelton was paid $50.00 for his trouble.

* On March 11, 1992, Rhett Searle, at AAA Pawn, sold three semi-automatic handguns to ATF Special Agent Gabrielle Solleder after being told that Special Agent Solleder resides in California. Shelton signed ATF form 4473 for the three firearms and was paid $100.00 by Special Agent Solleder for his trouble.

* On March 18, 1992, Rhett Searle, at AAA Pawn, sold two semi-automatic pistols to the Confidential Informant whom Mr. Searle believed was a felon. Mr. Searle falsified ATF form 4473 using a business card for "James Carl Gordon" which Mr. Searle knew was not the business card of the Confidential Informant.

* On March 25, 1992, Rhett Searle, at AAA Pawn, sold a shotgun to the ATF Confidential Informant and made no mention of the ATF form 4473 and the Confidential Informant did not observe any paperwork being filled out.

* On April 1, 1992, Rhett Searle, at AAA Pawn sold two semi-automatic pistols to Special Agent Solleder without a mention of ATF form 4473 or any other paperwork. Special Agent Solleder did observe Mr. Searle make a notation in a notebook.

* On April 10, 1992, Rhett Searle, in a telephone conversation told Special Agent Solleder that if she purchases more firearms she must find another "purchaser" for the firearms because James Carl Gordon's "form is full."

* Rhett Searle was told numerous times prior to the firearm transactions that the Confidential Informant was a felon and prohibited from purchasing or possessing firearms.

* Rhett Searle was also told numerous times prior to the firearm transactions that Special Agent Solleder resides outside the State of Utah and in the State of California.

* Rhett Searle was also told numerous times that the firearms he sold to the Confidential Informant and Special Agent Solleder would be taken to California and sold on the streets to gang members.

* At no time during the above described purchases did Rhett Searle restrict the stock of firearms offered for sale. The undercover agents were always allowed to choose from any firearm in stock at AAA Pawn.

On the basis of the facts set forth in the Affidavit, the magistrate judge issued the Warrant which provides that the following items may be seized from the Defendant's pawn shop:

> Property that constitutes evidence of the commission of a criminal offense; or contraband, the fruits of a crime, or things otherwise criminally possessed; or property designed or intended to use or which is or has been used as the means of committing criminal offense, *to wit: falsified ATF form 4473's; firearms acquisition and Disposition Records; Firearm Acquisition Invoices; private firearm records; business cards for James Carl Gordon; and firearms intended for sale in violation of 18. U.S.C. § 922(b) and (d).*

(emphasis added).

The Warrant was executed at Defendant's AAA Pawn shop on April 27, 1992, pursuant to which all Defendant's firearms and business records were seized. The Defendant now urges this Court to suppress all evidence and firearms seized under the Warrant. The Defendant argues that the Warrant is not supported by probable cause and that the Warrant is facially invalid because it does not "particularly describe ... the persons or things to be seized" as required by the Fourth Amendment to the United States Constitution and Section XIV of the Utah State Constitution. For the reasons stated below, this Court denies the Defendant's Motion to Suppress.

## ANALYSIS

### A. Probable Cause and Particularity Requirements

The Defendant in this case principally relies on the decision of the Tenth Circuit Court of Appeals in *United States v. Leary,* 846 F.2d 592 (10th Cir.1988) to support his argument that the Warrant is not supported by probable cause and is overbroad on its face.

*Leary* is a criminal case in which the defendants moved for suppression of evidence seized under a search warrant. The search warrant was obtained by a federal customs agent on the basis of his affidavit alleging violations of the Arms Export Control Act, 22 U.S.C. § 2778 and the Export

Administration Act. The alleged violations detailed in the said affidavit pertained to a single transaction—the purchase and attempted export of a Micro-tel Precision Attenuation Measurement Receiver by the defendant F.L. Kleinberg Company in 1984. The warrant which was issued on the basis of that affidavit authorized a search of the Kleinberg offices and seizure of a very broad range of records and documents.[1] The property seized pursuant to the execution of the warrant included virtually all of the defendant's business records as well as a number of personal items completely unrelated to the defendant's business activities. *Leary,* 846 F.2d at 594–95.

Kleinberg and Leary were indicted and subsequently filed a motion to suppress all evidence seized. The district court granted the motion to suppress and the Tenth Circuit affirmed holding that the warrant was impermissibly overbroad and that it authorized an impermissible general search of the Kleinberg offices. The court concluded that the warrant should have been limited to evidence reasonably related to the transaction described in the affidavit (i.e. the Micro-tel receiver or to shipments to Hong Kong). *Id.* at 605. In reaching its decision, the Tenth Circuit stated:

> [T]he fourth amendment requires that the government describe the items to be seized with as much specificity as the government's knowledge and circumstances allow.

*Id.* at 600.

■ Relying upon the reasoning of the *Leary* court, the Defendant in this case argues that the magistrate judge should have limited the Warrant to evidence arising from the five specific sales transactions set forth in the Affidavit. The Defendant urges that failure to so limit the Warrant rendered it impermissibly broad on its face. This Court disagrees.

In the present case, the Affidavit sets forth a series of transactions in which the Defendant knowingly violated various provisions of the federal statutes governing firearms sales. In view of the fact that the Affidavit in this case alleges a series and pattern of illegal acts, a common sense reading of the Affidavit supports an inference of the probability of firearms violations beyond those specifically enumerated therein. *See Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (determination of probable cause involves a "common sense" analysis). Moreover, this Court finds that the Affidavit substantially supports the magistrate's conclusion that probable cause existed sufficient to support seizure of all of the Defendant's firearms records and firearms.

Since the Affidavit establishes probable cause to seize all firearms records and all firearms, the Warrant, which is confined to and authorizes seizure of those materials, is sufficiently particular. *See United States v. Medlin,* 798 F.2d 407, 410 (10th Cir.1986) (since warrant authorized seizure of all firearms, question of whether the term "firearms" is too general is governed by whether there is probable cause supporting seizure of all weapons), *appeal after remand,* 842 F.2d 1194 (1988); *United States v. Hershenow,* 680 F.2d 847 (1st Cir.1982) ("all accident patient files" description sufficient because there was probable cause concerning all such files)).

This Court's conclusions with respect to probable cause and particularity are buttressed by the fact that the business of firearms sales is a closely regulated industry. *See United States v. Goff,* 736 F.Supp. 1087 (D.Utah 1990) ("[T]he business searched in the *Leary* case was not a closely regulated industry in contrast to the firearms industry in which the Goffs participated.") The Supreme Court has recognized that persons engaged in highly

---

1. The *Leary* warrant called for seizure of the following:

   Correspondence, Telex messages, contracts, invoices, purchase orders, shipping documents, payment records, export documents, packing slips, technical data, recorded notations, and other records and communications relating to the purchase, sale and illegal exportation of materials in violation of the Arms Export Control Act, 22 U.S.C. 2778, and the Export Administration Act of 1979, 50 U.S.C.App. 2410.

   *Leary,* 846 F.2d at 594.

regulated industries have a reduced expectation of privacy in the records and objects of their trade. *See Colonnade Catering Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1968) (liquor); *United States v. Biswell*, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972) (firearms).

In *United States v. Biswell*, the Supreme Court upheld a federal statute authorizing warrantless search and seizure of firearms records, firearms, and ammunition kept by a firearms dealer. *Biswell*, 406 U.S. at 311, 92 S.Ct. at 1593; *see* 18 U.S.C. § 923(g) (1984 & Supp.1992). In accord with the *Biswell* holding, the Seventh Circuit upheld a seizure of "all the guns and business records" of a defendant gun dealer in the absence of a warrant. *United States v. Cerri*, 753 F.2d 61, 63 (7th Cir. 1985), *cert. denied*, 472 U.S. 1017, 105 S.Ct. 3479, 87 L.Ed.2d 614 (1985).

The facts supporting the probable cause determination in *Cerri* were similar but less compelling than the facts supporting probable cause in the present case. Nonetheless, the *Cerri* court upheld the seizure of all defendant's guns and business records as being outside the purview of Fourth Amendment protections. *Id.* at 61. *See also United States v. Cooper*, 409 F.Supp. 364 (M.D.Fla.1976) (held that statutory authority to search firearms records confers the right to seize evidence of criminal activity which is discovered during course of search), *affirmed*, 542 F.2d 1171 (5th Cir.1976); *United States v. Scherer*, 523 F.2d 371 (7th Cir.1975) (court upheld seizure of all firearms and firearms records under a warrant where magistrate had probable cause to believe defendant had failed to properly maintain firearms records); *United States v. Goff*, 677 F.Supp. 1526 (D.Utah 1987) (court upheld seizure of guns and business records taken under warrant where warrant was supported by probable cause that federal statutes regulating firearms sales had been violated) *reh'g granted*, 736 F.Supp. 1087 (1990).

Having concluded that the description in the Warrant is constitutionally sufficient, the Court need not reach the government's alternative argument that the ATF agents

reliance on the Warrant was justifiable and in good faith. *See United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (discussing the "good faith" exception to the exclusionary rule).

**B.  *Overall Reasonableness of the Search***

Having determined that the Warrant in this case is supported by probable cause and is not overbroad on its face, the Court now addresses the Defendant's apparent argument that the search was unreasonable in its execution. The Defendant states in his brief that the government agents not only seized all of the Defendant's firearms records, the agents seized "sales records [having] nothing to do with firearms." (Def.'s Mem.Supp.Mot. Suppress at 4.) The Defendant states further that the government agents not only seized all of Mr. Searle's more than sixty firearms, they "seized a firearm that belonged to a friend of Mr. Searle's who had left it in anticipation of going target shooting." (Def.'s Mem.Supp.Mot. Suppress at 3.)

■ This Court recognizes that even when a search warrant meets the probable cause and particularity requirements, the search itself must be conducted in a reasonable manner and must be appropriately limited in scope and intensity. *See Terry v. Ohio*, 392 U.S. 1, 17–18, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968) ("a search which is reasonable at its inception may violate the Fourth Amendment by virtue of its intolerable intensity and scope"). In *United States v. Medlin*, the Tenth Circuit stated that "[w]hen law enforcement officers grossly exceed the scope of a search warrant in seizing property, the particularity requirement is undermined and a valid warrant is transformed into a general warrant thereby requiring suppression of all evidence seized under that warrant." 842 F.2d 1194, 1199 (10th Cir.1988).

■ In this case, the Defendant does not argue, as a legal matter, that the ATF agents exceeded the scope of the Warrant or conducted the search in an unreasonable fashion such that all evidence seized should

be excluded.[2] Nevertheless, the facts presented in the Defendant's brief imply such an argument and the Court rejects it.

This Court finds, as a matter of law, that the ATF agents did not exceed the scope of the warrant in such a manner as would justify total suppression of all the evidence seized. The Defendant operates a comparatively small pawn business. Many of the firearms records enumerated in the Warrant were intermingled in bound notebooks with the sales and disposition records of other items for sale at the AAA Pawn shop. Nevertheless, each volume of business records seized from the AAA Pawn shop contained a lesser or greater number of entries relevant to firearms sales. (*See* Aff. of Toni Searle at 2, 3.).

Under this circumstance, it was entirely reasonable for the ATF agents to simply remove the bound volumes of intermingled sales records for later inspection relative to the firearms sales. The alleged seizure of a firearm owned by Defendant's friend was similarly reasonable in view of the fact that it was intermingled with other firearms being offered for sale at AAA Pawn. *Cf. Naugle v. Witney*, 755 F.Supp. 1504, 1516 (D.Utah 1990) (seizure of filing cabinet for later examination was reasonable where warrant authorized search for particular documents and on-site review would take days) (*citing United States v. Santarelli*, 778 F.2d 609, 614 (11th Cir.1985).

## CONCLUSION

Based upon the foregoing, this Court holds that the overall search was executed in reasonable manner and that the Warrant is supported by probable cause and is not overbroad on its face. Accordingly, the Defendant's Motion to Suppress is denied.

IT IS SO ORDERED.

---

**2.** The Defendant's legal argument in support of his Motion to Suppress is based wholly on the assertion that the Warrant is not supported by probable cause and is overbroad on its face.