**INLAND EMPIRE ENTERPRISES, INC., Plaintiff,**

v.

**Byron C. MORTON, District Attorney for the County of Riverside, et al., Defendants.**

**No. 73-2464-AAH.**

United States District Court, C. D. California.

Oct. 30, 1973.

Donald Barnett of Barnett & Lewis, Los Angeles, Cal., for plaintiff.

None for defendants.

MEMORANDUM DECISION DENYING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND ORDER DISMISSING CASE

HAUK, District Judge.

This matter came before the Court upon the Complaint and Statement of Reasons and Memorandum of Points and Authorities in Support of Preliminary Injunction filed in the Clerk's Office on October 23, 1973, at 10:12 a. m., along with Supplemental Statement of Reasons and Memorandum of Points and Authorities in Support of Preliminary Injunction filed later the same date, all of which were presented to the Court by counsel for Plaintiff, along with Proposed Order to Show Cause re Preliminary Injunction on October 24, 1973, at 12:00 noon.

Plaintiff, as is obvious from study and analysis of all the aforesaid papers filed herein, seeks a Temporary Restraining Order and Preliminary Injunction, as well as a Permanent Injunction, to prevent Defendants from engaging in any future searches and seizures involving the film entitled "DEEP THROAT." It also seeks a Temporary Restraining Order and Preliminary Injunction as well as a Permanent Injunction estopping the Defendants from arresting any agents or employees of Plaintiff corporation, because of the alleged participation of said employees and agents in the future exhibition of the aforementioned motion picture and from harassing or threatening Plaintiff corporation or its employees.

The Complaint, which seeks a Temporary Restraining Order, a Preliminary Injunction and a Permanent Injunction, is typical of attempts by exhibitors of allegedly obscene material to invoke the aid of the Federal courts by seeking refuge in the Federal civil rights statutes enacted in the post-Civil War period, and in the United States Constitution, by asking for Federal intervention to stop and prohibit any and all city, county and state obscenity prosecutions. Veen v. Davis, 326 F.Supp. 116 (C.D.Cal. 1971).

The Complaint alleges that at all times the Plaintiff Inland Empire Enterprises, Inc., was a California corporation duly organized under the laws of the State of California and qualified to do business in the State of California and in the County of Riverside, and that said corporation has maintained, owned and operated a theatre under the fictitious name of Cinema X within the County of Riverside, State of California, for the purpose of exhibiting various motion pictures for viewing to the public.

Named as Defendants are Byron C. Morton, District Attorney for the County of Riverside, Samuel Kahn, Deputy District Attorney, and the Riverside Police Department, the amorphous and anonymous "DOES I through X, inclusive" having been dismissed by the Plaintiff.

The Complaint further alleges that on or about October 8, 1973, Plaintiff corporation by its duly authorized agents and employees was engaged in the exhibition of the motion picture "Deep Throat" to the general public, and that at about 2:40 p. m., on this date, Defendants Samuel Kahn and various agents and employees of the Riverside Police Department entered the theatre and seized the motion picture "Deep Throat," arresting two employees of Plaintiff corporation. The search was pursuant to a duly executed and obviously sufficient search warrant issued on October 8, 1973, by the Honorable John Barnard, Judge of the Riverside Municipal Court. Exhibit A to "Statement of Reasons and Memorandum of Points and Authorities In Support of Preliminary Injunction."

On or about October 9, October 11, October 12, and October 15, 1973, so it is alleged, Defendants Samuel Kahn and various members of the Riverside Police Department again entered the theatre and seized additional copies of the motion picture "Deep Throat" and arrested various employees of Plaintiff, each time on the basis of new duly executed

and sufficient search warrants issued by the Honorable Gerald F. Schulte, Judge of the Riverside Municipal Court. Exhibit C to "Statement of Reasons and Memorandum of Points and Authorities In Support of Preliminary Injunction."

Plaintiff seeks Federal injunctive relief on the following grounds:

(1) That the conduct of the Defendants constitutes manifest prior restraint on the rights of Plaintiff corporation and its agents in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and analogous provisions of the California Constitution.

(2) That the Plaintiff, its employees and agents have been intimidated and harassed, and have been precluded from enjoying their normal protectable rights and interests.

(3) That the Plaintif will suffer irreparable injury because it will be precluded from exhibiting the motion picture "Deep Throat" and pursuing its economic interest before there has been an adversary hearing to determine the alleged obscenity of the said film.

(4) That the Plaintiff has no adequate remedy at law because the determination of the alleged obscenity may take several weeks or months. Furthermore, that the Plaintiff has no adequate remedy in the California State Courts since the remedies afforded by State law for the recovery of the film and prevention of future seizures of additional prints are cumbersome, vague and ineffectual.

Plaintiff asserts two legal theories as the basis of its Complaint.

First, Plaintiff argues that the Federal Court has jurisdiction to entertain this claim and should not abstain. In support of this contention, Plaintiff relies on the case of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed. 2d 22 (1965), claiming that the conduct of Defendants amounted to "bad faith and harassment," and that Plaintiff is threatened with "irreparable injury."

However, as this Court stated in Veen v. Davis, 326 F.Supp. 116 (C.D.Cal.1971) at 118, many Federal Courts which were granting injunctive relief similar to that sought by Plaintiff here, were reading too much into *Dombrowski*. As discussed in Veen v. Davis, *supra*, the United States Supreme Court has established guidelines for determining whether there should be Federal intervention. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971), Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971), Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971), Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971), Demich v. Ferdon, 426 F.2d 643 (9th Cir. 1970), cert. granted, judgment vacated and case remanded for reconsideration in the light of Perez v. Ledesma, *supra*, 401 U.S. 990, 91 S.Ct. 1223, 28 L.Ed.2d 528 (1971). See also, Paris Adult Theatre I v. Slaton, 413 U.S. 49, pp. 67–70, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973). These cases set forth that as a matter of Federal Policy, the Federal Courts "must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." Veen v. Davis, 326 F.Supp. 116, 119 (C.D.Cal. 1971), Younger v. Harris, 401 U.S. 37, 56, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

■ It does not appear from the Complaint and supporting affidavit that Plaintiff will suffer any great, immediate or irreparable injury sufficient to justify Federal intervention. Plaintiff corporation is not being restrained from operating its theatre. It is free to show all movies other than "Deep Throat."

There is no showing that the various Defendants are acting in bad faith, but rather it appears that they are acting in good faith in the performance of what they properly consider to be their respective duties.

The Defendants have the power and obligation to protect the community and maintain a decent society. The United States Supreme Court has stated that commercial exposure and sale of obscene materials to anyone, including consenting adults, is not protected by the Constitution and is subject to state regulation. Kaplan v. California, 413 U.S. 115, p. 120, 93 S.Ct. 2680, 37 L.Ed.2d 492 (decided June 21, 1973); Paris Adult Theatre I v. Slaton, *supra,* 413 U.S. 49, pp. 67–71, 93 S.Ct. 2628, 37 L.Ed.2d 446 (decided June 21, 1973). See also United States v. Orito, 413 U.S. 139, pp. 141–145, 93 S.Ct. 2674, 37 L.Ed.2d 513 (decided June 21, 1973); United States v. Twelve 200 ft. Reels, 413 U.S. 123, p. 128, 93 S.Ct. 2665, 37 L.Ed.2d 500 (decided June 21, 1973); United States v. Thirty-Seven Photographs, 402 U.S. 363, 376, 91 S.Ct. 1400, 28 L.Ed. 2d 822 (1971); United States v. Reidel, 402 U.S. 351, 355–356, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1972).

In Paris Adult Theatre I v. Slaton, *supra,* 413 U.S. 49, p. 68, 93 S.Ct. 2628, p. 2641, 37 L.Ed.2d 446 (decided June 21, 1973), Justice Burger stated:

"Commercial exploitation of depictions, descriptions, or exhibitions of obscene conduct on commercial premises open to the adult public falls within a State's broad power to regulate commerce and protect the public environment. The issue in this context goes beyond whether someone, or even the majority, considers the conduct depicted as 'wrong' or 'sinful.' The States have the power to make a morally neutral judgment that public exhibition of obscene material, or commerce in such material, has a tendency to injure the community as a whole, to endanger the public safety, or to jeopardize in Chief Justice Warren's words, the States' 'right  . . . to maintain a decent society.' "

After each seizure of the film, the Plaintiff purchased a new print and attempted again to exhibit the film. The Defendants, acting in good faith to protect the community, believed correctly and constitutionally that each such new showing of a newly purchased copy of the film "Deep Throat" was a separate and distinct violation of the law. This Court concurs in that determination. Just as a new offense subject to arrest and seizure on a valid warrant is committed every day when a putative Defendant purchases other kinds of contraband such as heroin, cocaine or other narcotics, and then possesses, distributes and sells them, so also here when the Plaintiff each new day purchases a new copy of the film "Deep Throat" determined by the Honorable Municipal Court Judges John Barnard and Gerald F. Shulte in their arrest and search warrants to be obscene, at least on probable or reasonable cause, and then exhibits the same, he is subject to arrest and the film to seizure. Both sets of crimes are crimes, and there can be no gainsaying or quibbling about that. Since each such showing of each new film was and is a new and separate violation, this case is distinguished from the fact situation in Veen v. Davis, *supra,* and Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (decided June 25, 1973). The films were properly seized each time pursuant to search warrants issued by a Judge in connection with the proposed prosecution of those charged with its exhibition.

Since Plaintiff is not threatened with irreparable injury and since Defendants' conduct does not amount to "bad faith and harassment," this Federal Court should abstain. For these reasons Plaintiff's contention that Defendants acted with the sole intent to cause economic oppression to Plaintiff corporation is unjustified.

Plaintiff's second legal theory is that Defendants, under color of law, have subjected Plaintiff to the deprivation of rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution by repeated and multiple seizures of the same film in the absence of a judicial deter-

mination on the ultimate question of obscenity.

This Federal Court sees no need to consider the merits of this argument since Plaintiff has failed to exhaust its State court remedies.

Plaintiff was denied a Temporary Restraining Order and Preliminary Injunction by the Superior Court of the State of California, County of Riverside on October 12, and October 18, 1973, respectively. In denying Plaintiff's motion for Preliminary Injunction the court stated the following reasons:

"(1) In the event that in the trial of Plaintiff's agents in the Municipal Court of Riverside Judicial District, the motion picture in question is not found to be obscene, pecuniary compensation will afford Plaintiff adequate relief. The court notes in this connection that the Defendants in the Municipal Court have the right to be brought to trial within 45 days of their arraignment. 1382 Penal Code."

"(2) Plaintiff has an adequate legal remedy under Sections 1539 and 1540 of the California Penal Code."

■ Plaintiff has not indicated to this Court any attempt to appeal that decision or any effort to seek an extraordinary writ from the Appellate Department of the Riverside Superior Court, or the California Court of Appeal, Fourth Appellate District, or the California Supreme Court, by which it can obtain any and all appropriate relief, whether for violation of Constitutional Rights under 42 U.S.C. § 1983 or other alleged civil rights violations. Since Plaintiff has not exhausted its state court remedies this Federal Court will not rule on the merits of this theory of Plaintiff's Complaint.

■ This Federal Court further refuses to rule on the merits of Plaintiff's second legal theory since Plaintiff has failed and neglected to abide by the applicable Rules of the Federal Rules of Civil Procedure, to wit, Rule 65(a) and 65(b), and the applicable Local Rule

of the Central District of California, to wit, Rule 3(j).

Rule 65(b), in part, states as follows:

"A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting his claim that notice should not be required."

Plaintiff did not certify to this Court in writing the efforts, if any, which were made to notify Defendants nor any reason why notice should not be required.

Moreover, Rule 65(a)(1) states:

"*Notice.* No preliminary injunction shall be issued without notice to the adverse party."

Plaintiff has failed and neglected to give notice to the Defendants. There is no indication that Defendants were ever served copies of Plaintiff's Complaint and Application for Preliminary Injunction or Statement of Reasons and Memorandum of Points and Authorities or Supplemental Statement of Reasons and Memorandum of Points and Authorities and there is no proof of service on file with this Court.

Finally, in regard to ex parte applications, Local Rule 3(j) reads as follows:

"It shall be the duty of the attorney so applying (i) to make a good faith effort to advise counsel for all other parties, if known, by telephone and confirming letter of the date, time and substance of his proposed ex parte application; and (ii) to advise the Court in writing of efforts to contract other counsel and whether any other counsel, after such efforts to advise counsel, oppose the application and

whether any counsel has requested to be present at the time the application is presented to the Court."

Plaintiff has failed and neglected to advise this Court in writing of efforts to contact other counsel.

Now, therefore, upon the full consideration of all said papers and pleadings and the law applicable thereto, and on the Court's own motion,

It is hereby Ordered as follows:

(1) The Complaint and the facts and reasons stated in support of the Application for a Preliminary Injunction show clearly that the Complaint attempts to allege a cause of action from which this District Court must and should abstain under the doctrine enumerated by the Supreme Court of the United States in the cases previously cited. There is no showing that the various Defendants are acting in bad faith, but rather it appears that they are acting in good faith in the performance of what they consider to be their respective duties. Each showing of the film is determined by this Court to be a new violation.

(2) Since the Plaintiff has clearly failed and neglected to show by any of the allegations of said Complaint or said Statement of Reasons and Memorandum of Points and Authorities and Supplemental Statement of Reasons and Memorandum of Points and Authorities that Plaintiff has in any way exhausted its judicial remedies in the State of California and its Courts, all of which we must and do assume are still open and available to Plaintiff and from which he can obtain any and all appropriate relief, whether for violation of Constitutional Rights under 42 U.S.C. § 1983 or otherwise, there is no showing of irreparable injury.

(3) Since counsel for Plaintiff, Donald Barnett of the law firm of Barnett & Lewis, 1801 Century Park East, Suite 1212, Los Angeles, California 90067, has failed and neglected to abide by the applicable Rules of the Federal Rules of Civil Procedure, to wit, Rule 65(a) and Rule 65(b), and the applicable Local Rule of this Central District of California, to wit, Rule 3(j), in failing to file the necessary Certificate and writing as to what efforts, if any, have been made by counsel for the Plaintiff to give notice to the adverse parties and their counsel or any reasons supporting any possible claim that notice should not be required to be given upon the adverse parties and their counsel, the Application for a Temporary Restraining Order and the requested Order to Show Cause re Preliminary Injunction are, and each of the same is hereby denied.

(4) Upon the doctrine of Federal abstention from invidious interference with State prosecutions for obscenity and upon the failure of Plaintiff to show any irreparable injury or violation of any Constitutional or other civil rights, the Complaint and each and every alleged cause of action therein contained are, and each of the same is, hereby dismissed with prejudice.