Dorothy ELLISON, etc.,
Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., etc., et al.,
Defendants-Appellees.

No. 76–1162.

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 1977.

Wayne M. Pressel, John L. Cromartie, Jr., W. David Arnold, Atlanta, Ga., for plaintiff-appellant.

John W. Stokes, U. S. Atty., Julian M. Longley, Jr., Asst. U. S. Atty., Arthur K. Bolton, Atty. Gen. of Ga., Stephen L. Cotter, Atlanta, Ga., Robert Varnum, Atty., Social Security Division, HEW, Randolph W. Gaines, Acting Chief of Litigation, Washington, D. C., for defendants-appellees.

Before MORGAN and GEE, Circuit Judges, and HUNTER, District Judge.*

EDWIN F. HUNTER, Jr., District Judge:

■ The heart of Ms. Ellison's claim is that the Secretary of the United States Department of Health, Education and Welfare violated her constitutional rights of equal protection and due process by applying the "six-month" rule of the Supplemental Security Income Program. She seeks declaratory and injunctive relief restraining the Secretary from applying the challenged statutory and regulatory provisions.[1] The government moved to dismiss on the grounds that the Court lacked jurisdiction over the subject matter. Because the Secretary had not waived the finality requirement as he had in *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522, the District Court concluded that Ms. Ellison could not properly invoke 42 U.S.C. § 405(g) as a basis for jurisdiction. We disagree.[2] The District Court did not reach the constitutional question, and for us to do so under the circumstances of this case would be an unacceptable exercise of appellate jurisdiction.[3]

The import of the challenged provisions is that the government continued to treat a married couple as an eligible *couple* rather than as individuals for a period of six months following the separation of those two persons. The Ellisons separated in January, 1975. Because of the operation of the six-month rule, Mr. Ellison's total income was presumed available to Ms. Ellison for a period of six months following their separation. The effect was that her monthly SSI benefits remained at $26.00 per month for six months instead of increasing

---

* Senior District Judge for the Western District of Louisiana, sitting by designation.

1. 42 U.S.C. § 1382c(b) and 20 CFR 416.1101(a), 416.1040(c).

2. Jurisdiction lies in the Court of Appeals to review a three-judge District Court's denial of injunctive relief only if the decision of the court below was based on non-constitutional, procedural grounds. *Gonzalez v. Automatic Employees Credit Union,* 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974); *MTM Inc. v. Baxley,* 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975).

3. *Singleton v. Wulff,* 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

to the standard level of $146.00 per month for an individual living alone.[4]

The Social Security Act provides for district court review. Title 42 U.S.C. § 405(g) provides, in part:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow."

On their face, the allegations of the petition fall short of meeting the literal requirements that there shall have been a "final decision of the Secretary" made after a hearing. They also fall short of satisfying the Secretary's regulations, which specify that the finality required for judicial review is achieved only after a hearing before an administrative law judge (20 CFR 404.916, 404.940, 404.951 (1974)). However, it is clear from *Eldridge* and *Diaz*[5] that the full exhaustion of administrative procedures seemingly contemplated by 405(g) is simply not applicable to all cases where, as here, the only issue is one of constitutional law—concededly beyond the Secretary's competency to decide.

■ Implicit in these Supreme Court decisions is the principle that two requirements must be complied with in order to obtain 405(g) judicial review. One is that the administrative remedies prescribed by the Secretary be exhausted. The other is that a claim for benefits be presented to the Secretary. The exhaustion prerequisite may be waived. The necessity of presenting a claim to the Secretary is jurisdictional and non-waivable. *Mathews v. Eldridge,* supra; *Mathews v. Diaz,* supra.

■ In the context of this case, a claim for benefits was presented to the Secretary *automatically* when the SSI recipient re-

ported a separation from an eligible spouse. 42 U.S.C. § 1382c(b). Ms. Ellison presented her claim to the Secretary when she reported in January of 1975 that her husband had left her in Georgia to live in Chicago. We treat this as a request for higher benefits to compensate her for the loss of the major portion of her income, namely, Mr. Ellison's SSI and RSDI benefits. As the Court points out in *Eldridge,* the fact that Ms. Ellison failed to explicitly raise her constitutional objections to the six-month rule does not act as a bar to a subsequent assertion of 405(g) jurisdiction (424 U.S. at 329, 96 S.Ct. 893). The fact that Ms. Ellison never applied to the Secretary for a reconsideration or for a formal hearing does not bar 405 jurisdiction any more than those very same omissions barred *Eldridge.*

■ Section 405(g) requires a final decision by the Secretary after a hearing. The Supreme Court held in *Salfi, Eldridge* and *Diaz* that the Secretary could waive the exhaustion requirements which this provision contemplates. True, the Secretary did not specifically waive the requirement, but this record clearly reveals the Secretary's agreement that plaintiff would have been eligible for the full level of benefits payable to an individual but for the existence of the "six-month" rule. The record further reveals that the Secretary

\* \* \* has satisfied himself that the only issue is the constitutionality of a statutory requirement, a matter which is beyond his jurisdiction to determine, and that the claim is neither otherwise invalid nor cognizable under a different section of the Act. *Weinberger v. Salfi,* 422 U.S. at 765, 95 S.Ct. at 2467.

Logic and common sense dictate that in a case such as this, where the claim is a constitutional one, future exhaustion would not merely be futile for the applicant but would also be a commitment of administrative resources unsupported by any judicial

---

4. The level of SSI benefits was raised on July 1, 1975 to $157.70 per month for an individual and $236.60 per month for an eligible couple.

5. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Mathews v. Diaz,* 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976). These cases were decided *subsequent* to the District Court's dismissal.

interest. The instant case is analogous jurisdictionally to *Eldridge* and *Diaz*. Further exhaustion of administrative remedies is not required. The District Court had jurisdiction over plaintiff's constitutional claim pursuant to 405(g).

The judgment of the District Court is reversed and the case is remanded for further proceedings consistent with this opinion.[6]

**6.** Given our conclusion that jurisdiction in the District Court was proper under § 405(g), we find it unnecessary to consider Ellison's contention that notwithstanding § 405(h) there was jurisdiction over his claim under the mandamus statute, 28 U.S.C. § 1361, or the Administrative Procedure Act, 5 U.S.C. § 701 et seq.