Ray MARSHALL, Secretary of Labor, United States Department of Labor, Petitioner,

v.

REINHOLD CONSTRUCTION, INC., Respondent.

No. 77–631–Civ–J–T.

United States District Court, M. D. Florida, Jacksonville Division.

Nov. 17, 1977.

Bobbye D. Spears, U. S. Dept. of Labor, Atlanta, Ga., for petitioner.

Patrick D. Coleman and Michael K. Grogan, Jacksonville, Fla., for respondent.

## OPINION

CHARLES R. SCOTT, District Judge.

The facts of this case have been set forth carefully by Judge Schlesinger, the Magistrate, in his findings and recommendation issued on September 19, 1977. At first, the Secretary of Labor ('the Secretary') objected to Judge Schlesinger's findings and recommendation; but later the Secretary expressly withdrew his objections. Consequently, the Court holds that consideration and determination of any issues raised by those objections is now moot and therefore unwarranted.

Instead, the Court will proceed directly to the findings and recommendation of Judge Schlesinger. The Court is completely in accord with those findings and with the reasoning underlying the recommendation; and they are expressly adopted and relied upon for the Court's holdings in this case.

First, the Court holds that its inchoative jurisdiction was invoked from the outset of this case. Furthermore, the Court has subject matter jurisdiction over this case, via 28 U.S.C. §§ 1337 and 1343, (1) to entertain the constitutional challenge to § 657 of the statute (29 U.S.C. § 651 *et seq.*), and (2) to hear the Secretary's petition to vindicate his authority under § 657 of the statute.

Second, the Court holds that it is unnecessary to rule on the question of whether § 657 of the statute authorizes warrantless searches which are permissible under the Fourth Amendment. Although, as a matter of law, the statute can be construed consistently with the Fourth Amendment, to accommodate the search warrant requirement, the particular facts of this case make such an interpretation unnecessary. The Secretary, without waiving his contention that § 657 of the statute authorizes constitutionally permissible, war-

rantless searches, alternatively made a showing of probable cause before Judge Schlesinger. As a result, an administrative search warrant was issued. Hence, in this case there has been full compliance with the requirements of the Fourth Amendment for administrative searches. *Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 534–39, 87 S.Ct. 1727, 1733–36, 18 L.Ed.2d 930, 938–41 (1967); *See v. Seattle*, 387 U.S. 541, 545, 87 S.Ct. 1737, 1740, 18 L.Ed.2d 943, 947 (1967).

■ Third, in view of the Secretary's showing of probable cause, in compliance with the Fourth Amendment, the administrative search warrant issued by Judge Schlesinger is valid; and the authority of its validity supersedes any need to rely on or enforce the earlier warrant-like order of the Court.

■ Finally, the good faith opposition of Reinhold Construction Company ("Reinhold") to the Court's earlier order, coupled with Reinhold's obedience to the administrative search warrant issued by Judge Schlesinger, justifies finding that Reinhold is not in contempt of this Court. Accordingly, the Court so holds.

The findings and recommendation of the Magistrate, having been approved, are incorporated in the Court's opinion. This case will be dismissed.

## FINDINGS AND RECOMMENDATION

HARVEY E. SCHLESINGER, Magistrate.

### FACTS

On August 4, 1977, the Occupational Safety and Health Administration ("OSHA") received a complaint from an employee of respondent, Reinhold Construction, Inc. ("Reinhold"). Pursuant to § 657 of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq. ("the act," "the statute"), two agents of the Secretary of Labor, United States Department of Labor ("the Secretary"), appeared on August 8, 1977, at Reinhold's construction site, located at 111 Coastline Drive, Jacksonville, Florida. They sought entry onto the construction site in order to inspect the premises for violations of the act and its implementing safety regulations. Reinhold denied them access.

On August 16, 1977, the Secretary's same two representatives returned to Reinhold's premises for the purpose of inspecting the site for violations. Once again Reinhold refused them entry.

Thereafter, the Secretary on August 22, 1977, applied through his counsel ex parte for an order authorizing an inspection of Reinhold's construction premises. After a determination of probable cause, based on the employee complaint and an affidavit from one of the Secretary's inspectors, Erwin Crampton, Judge Scott entered an order authorizing entry and inspection of the construction site.

When the August 22 order was served upon Reinhold's agents on August 24, 1977, by the United States Deputy Marshal, Reinhold consulted counsel. On advice of counsel, Reinhold declined to honor the order and refused to allow the Secretary's agents to enter and inspect the construction site. Because he was away from the Court and outside of the district, Judge Scott instructed the Honorable Howell W. Melton to refer the matter to me! Pursuant to that referral, and in accordance with Judge Scott's instructions, I issued an order to Reinhold to appear and to show cause why it should not be held in contempt of the Court's August 22 order.

A hearing was held on September 1, 1977, at which time Reinhold was permitted to raise its jurisdictional, constitutional, and good faith defenses. At the same time, the Secretary, having the burden to establish the existence of the Court's jurisdiction over the present case, applied for an administrative search warrant. The Secretary expressly reserved his contention that such a warrant is not constitutionally required

under § 657 [1] of the act; but in the alternative, he made a showing of probable cause to obtain a warrant. After concluding that probable cause had been established, I issued an administrative search warrant on September 3, 1977.

## LAW

### I. *Jurisdiction*

Reinhold argues that this Court is completely devoid of subject matter jurisdiction in this action to issue any order concerning it.

### A. *Inchoative Jurisdiction*

It is long past dispute that a federal court always has jurisdiction in the first instance to make an assessment of its subject matter jurisdiction. *United States v. UMW,* 330 U.S. 258, 290–95, 67 S.Ct. 677, 694–96, 91 L.Ed. 884, 911–14 (1947); *Lambert v. Conrad,* 536 F.2d 1183, 1185 (7th Cir. 1976). Hence, pursuant to that jurisdiction to determine whether it has jurisdiction, a federal court may issue all ancillary orders necessary to enable and effectuate the determination. *Maness v. Meyers,* 419 U.S. 449, 458–60, 95 S.Ct. 584, 590–92, 42 L.Ed.2d 574, 583–84 (1975); *United States v. Ryan,* 402 U.S. 530, 532 and n. 4, 91 S.Ct. 1580, 1581 and n. 4, 29 L.Ed.2d 85, 88 and n. 4 (1971); *Walker v. City of Birmingham,* 388 U.S. 307, 317, 320–21, 87 S.Ct. 1824, 1830, 1831–32, 18 L.Ed.2d 1210, 1217, 1219–20 (1967); *United States v. Dickinson,* 465 F.2d 496, 509–10 (5th Cir. 1972). It is within that scope that this Court's order to show cause, regarding contempt of its initial, August 22, 1977, order, properly obligates Reinhold. While Reinhold complains of the lack of notice before the Court issued the August 22 order, and also contends that the Court

lacked all authority to issue such an order, Reinhold has now been given an opportunity, by means of the Court's show cause order, to raise its jurisdictional, as well as constitutional, challenges. Thus, by commanding the presence of Reinhold pursuant to the Court's inchoative jurisdiction, the Court has afforded Reinhold at the same time a forum of due process in which to raise its attack upon the Court's subject matter jurisdiction.

### B. *Subject Matter Jurisdiction*

Because the subject matter jurisdiction of federal courts is strictly limited, *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 277, 97 S.Ct. 568, 571, 50 L.Ed.2d 471, 478 (1977); *City of Kenosha v. Bruno,* 412 U.S. 507, 511, 93 S.Ct. 2222, 2225, 37 L.Ed.2d 109, 115 (1973); *Louisville & N.R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126, 127 (1908); *Cameron v. Hodges,* 127 U.S. 322, 326, 8 S.Ct. 1154, 1156, 32 L.Ed. 132 (1888); *Mansfield, C. & L.M. Ry. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884); *Turner v. President, Directors, and Co. of Bank of N. Amer.* 4 Dall. 7, 8 (1799); *Morrison v. Morrison,* 408 F.Supp. 315, 316 (N.D.Tex. 1976) a challenge to the Court's subject matter jurisdiction may be raised at any time. Fed.R.Civ.P. 12(h)(3). Hence, it was entirely proper for Reinhold to raise that issue at the hearing on the order to show cause concerning contempt of the Court's August 22, 1977, order. In addition, Judge Scott indicated to me that it was his intention that Reinhold should be able to raise all of the issues in its defense at the contempt hearing.

Notwithstanding Reinhold's attack upon the Court's subject matter jurisdiction,

---

**1.** 29 U.S.C. § 657(a) provides:

(a) In order to carry out the purposes of this chapter, the Secretary, upon presenting appropriate credentials to the owner, operator, or agent in charge, is authorized—

(1) to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer; and

(2) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent or employee.

however, the burden remains on the party seeking to invoke the Court's jurisdiction to establish that jurisdiction exists. *McNutt v. GMAC*, 298 U.S. 178, 182–83, 56 S.Ct. 780, 782, 80 L.Ed. 1135, 1137–38 (1935); *Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.*, 469 F.2d 416, 418 (5th Cir. 1972); *Birmingham Post Co. v. Brown*, 217 F.2d 127, 130 (5th Cir. 1954). Consequently, the Secretary properly has the burden to establish that the Court's subject matter jurisdiction has been truly invoked.

Under 28 U.S.C. §§ 1337 and 1343,[2] respectively, federal district courts are vested with general jurisdiction to hear actions or proceedings (1) arising under any congressional act that regulates commerce, or (2) begun by the United States or any of its agencies or officers who are expressly authorized to sue. Reinhold, however, insists that those two general jurisdiction statutes do not give this Court jurisdiction over the present proceedings.

Instead, Reinhold contends that the statute has prescribed a method of administrative procedures and judicial review; and as a result, this Court has no jurisdiction under the general jurisdiction provisions, because there is an exclusive jurisdictional route "otherwise provided by Act of Congress." 28 U.S.C. § 1345. Reinhold further argues that the Secretary has failed to exhaust his own administrative procedures and remedies, and to follow the statutory steps for dealing with employers who have violated the act, and for obtaining judicial review. 29 U.S.C. §§ 659, 660.[3] Reinhold

---

2. 28 U.S.C. § 1337 provides:
   The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.
   28 U.S.C. § 1345 provides:
   Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

3. The administrative and judicial review procedures are as follow:
   If, upon such investigation, the Secretary of Labor or his authorized representative believes that an employer has violated the Act or a regulation promulgated pursuant to the Act, he issues a citation describing the violation and fixing a reasonable time for its abatement. 29 U.S.C. § 658(a). The Secretary must also notify the employer of the penalty, if any, proposed to be assessed for the violation, and. must advise him that he has 15 working days within which to notify the Secretary that he wishes to contest the citation or the proposed assessment of penalty. 29 U.S.C. § 659(a). If the employer does not timely file such a "notice of contest" the citation and penalty become the "final order" of the Commission which cannot be reviewed by any agency or court. 29 U.S.C. 659(a). The violation penalty may amount to $1000 per violation, and if wilful or repeated, up to $10,000 per violation. 29 U.S.C. § 666(a)–(c). Failure to abate by the end of the period specified in the citation subjects a non-contesting employer to an additional non-abatement penalty of no less than $100 per day of non-abatement for a minor violation and

$1000 per day of non-abatement for a serious violation. 29 U.S.C. § 666(d) . . . If the employer does timely file a "notice of contest" the Secretary must so notify the Commission 29 U.S.C. § 659(c). Pleadings are then filed with the Commission, an examiner may be assigned, and a full-dress hearing with exhibits, testimony, and proposed findings and conclusions is held. 29 U.S.C. §§ 659(c), 661(i); 29 C.F.R. §§ 2200, et seq. At the conclusion of the hearing the examiner makes a decision and issues a report which becomes the "final order" of the Commission within 30 days after it is issued unless the Commission grants a review. 29 U.S.C. § 661(i); 29 C.F.R. § 2200.42(c). Such review is entirely discretionary and may be granted either on petition of a party or on the initiative of a member of the Commission. The review order of the Commission becomes "final" 30 days after its issuance. 29 U.S.C. § 659(c). Generally, the abatement period specified in the citation does not run during the course of the administrative proceedings so the contesting employer cannot be assessed any non-abatement per day penalty pending the entry of a "final order." 29 U.S.C. §§ 659(b), 666(d) . . .
An aggrieved party may obtain judicial review of the examiner's report which became the "final order" of the Commission or of the Commission's review order by filing an appropriate petition in the United States Court of Appeals for the circuit in which the violation is alleged to have occurred or where the employer has his principal place of business, or in the Court of Appeals for the District of Columbia Circuit, within 60 days of the issuance of the order. 29 U.S.C. § 660(a). The filing of the petition does not, by itself, operate as a stay of the Commission's order, but

maintains that, because the Secretary has circumvented the administrative and judicial review procedures of the statute, this Court is without jurisdiction to hear the Secretary's claims.

*Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Mathews v. Diaz,* 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976), decided by the Supreme Court, and *Ellison v. Califano,* 546 F.2d 1162 (5th Cir. 1977), decided by the Fifth Circuit, are a set of cases that have established, in the context of the Social Security Act and the Department of Health, Education & Welfare ("HEW"), an exception to the requirement of exhaustion of administrative remedies and procedures. Where a constitutional challenge is directed to the very heart of an agency's purported statutory authority, the agency or its head or final administrative review body must necessarily waive the exhaustion of remedies requirement. That waiver is constructive because it is inevitable, and it is inevitable because the agency's decision about such a challenge is inevitable. The agency can do nothing else but decide the constitutional attack in its own favor: it cannot strike down as unconstitutional the very act that enables and authorizes it; it can only uphold that act.

In *Weinberger v. Salfi, supra; Mathews v. Eldridge, supra; Mathews v. Diaz, supra;* and *Ellison v. Califano, supra,* the direct constitutional challenge exception to the exhaustion of administrative remedies allowed a party to come into the district court under the jurisdictional review provision of 42 U.S.C. § 405(g). Section 405(g) provides for judicial review of final administrative decisions. Thus, under the constructive waiver by the HEW Secretary of the exhaustion of administrative remedies requirement, the Secretary's inevitable ruling was a final decision for the district court to review.

In the present case, there is no specific statutory provision for review of final administrative decisions by the district court.[4] Nonetheless, where there is a straightforward attack upon the constitutionality of the act, and either the Secretary or an employer seeks a declaratory and injunctive determination of that issue, the district court is the appropriate federal forum for such relief. In such situations, the general jurisdictional provisions of 28 U.S.C. §§ 1337 and 1345 supply access to the district court: § 1345 for the Secretary to bring an action, and § 1337 for an employer to commence proceedings. To hold that under a direct attack upon the constitutionality of a federal statute, those jurisdictional provisions are not available to the government to vindicate and enforce its laws, or to an employer to protect his constitutional rights that are believed to be threatened, would be an absurd conclusion. Surely the federal courts must be accessible to both the government and to citizens to defend federal laws and constitutional rights alike. The general jurisdictional provisions of 28 U.S.C. §§ 1337 and 1345 furnish that access.

The Secretary maintains that § 657 of the statute authorizes his representatives to enter and inspect without a warrant, working premises "at other reasonable times, and within reasonable limits and in a reasonable manner." Whenever the Secretary's representatives attempt to carry out such a warrantless entry and inspection, and are resisted by an employer who insists upon a search warrant, the Fourth Amendment contours of the issue are drawn. Therefore, whenever either the Secretary comes into district court to vindicate his right under the statute, or an employer first proceeds into district court to validate his refusal, the sole issue raised is the constitutionality

---

the Court of Appeals may grant such a stay . . . . . The decree of the Court of Appeals is final and subject to review only by grant of the writ of certiorari by the Supreme Court. *Lance Roofing Co. v. Hodgson,* 343 F.Supp. 685, 687–88 (N.D.Ga.1972), aff'd 409 U.S. 1070, 93 S.Ct. 679, 34 L.Ed.2d 659 (1972).

4. 29 U.S.C. § 660(a) provides for review of final administrative decisions in the appropriate circuit Court of Appeals. See note 3, *supra.*

of § 657 of the act. In such situations, unlike *Weinberger v. Salfi, supra; Mathews v. Eldridge, supra; Mathews v. Diaz, supra;* and *Ellison v. Califano, supra,* there are no collateral, routine administrative issues pending.

In the present proceeding, there are no collateral administrative disputes about violations or fines pending between the parties. The only issue is the constitutional attack upon § 657 of the statute to authorize warrantless inspection searches. There is no doubt that the Secretary is without jurisdiction to decide such a direct constitutional challenge to the act. To require that such an issue wend its way through administrative procedural channels, when the outcome of those procedures is conclusively foreknown, would be a futile, wasteful, and absurd exercise. Consequently, when the sole issue at stake is the constitutionality of § 657 of the statute, the Secretary must necessarily waive the exhaustion of administrative remedies requirement with respect to an issue which he has no jurisdiction to determine.

Moreover, in this case, the Secretary has expressly waived the exhaustion of administrative remedies requirement. By bringing the constitutional conflict over his statutory authority to this Court for resolution, at the outset, the Secretary has demonstrated his waiver of any requirement of exhaustion of administrative remedies. In addition, at the hearing on the show cause order, the Secretary's counsel expressly admitted that the Secretary and the OSHA review commission have acknowledged their powerlessness to rule on an issue squarely challenging the constitutionality of the statute. *See, e. g., Secretary v. American Smelting & Refining Co.,* 1973 OSHA ¶ 16,456 (Aug. 17, 1973); *Secretary v. Divesco Roofing & Insulation Co.,* 1973 OSHA ¶ 16,443 (Aug. 13, 1973). Therefore, I conclude that the Court has jurisdiction to entertain this controversy over the constitutionality of the Secretary's putative authority under § 657 of the act.

## C. *Injunctive Jurisdiction*

Reinhold contends that the Court's August 22, 1977, order, requiring that the Secretary's representative be admitted to inspect the construction site, is in the nature of a temporary restraining order or a preliminary injunction. However, since the requirements of *Fed.R.Civ.P.* 65 were not satisfied, Reinhold argues that the Court lacked jurisdiction to issue that order.

Under Rule 65(a)(1) "no preliminary injunction shall be granted without notice to the opposite party." *Granny Goose Foods, Inc. v. Local 70, Brotherhood of Teamsters and Auto Truck Drivers,* 415 U.S. 423, 433 n. 7, 94 S.Ct. 1113, 1121 n. 7, 39 L.Ed.2d 435, 447; *Plaquemines Parish School Bd. v. United States,* 415 F.2d 817, 824 and n. 8 (5th Cir. 1969); *Carpenters' Dist. Council v. Cicci,* 261 F.2d 5, 8 (6th Cir. 1958); *SEC v. Capital Growth Co.,* 391 F.Supp. 593, 600 (S.D.N.Y.1974); *Inland Empire Enterprises, Inc. v. Morton,* 365 F.Supp. 1014, 1018–19 (C.D.Calif.1973). Moreover, there are four criteria which must be met for the equitable remedy of preliminary injunction: (1) irreparable injury because of an inadequate remedy at law; (2) likelihood of eventual success on the merits; (3) harm to the plaintiff from lack of injunction outweighs any harm to the defendant from issuance of injunction; and (4) no disservice to the public interest from issuance of injunction. *Granny Goose Foods, Inc. v. Local 70, Brotherhood of Teamsters and Auto Truck Drivers,* 415 U.S. 423, 441, 443, 94 S.Ct. 1113, 1125, 1126, 39 L.Ed.2d 435, 451, 452 (1974); *Sampson v. Murray,* 415 U.S. 61, 84 n. 53, 94 S.Ct. 937, 39 L.Ed.2d 166, 183 n. 53 (1974); *Martinez v. Mathews,* 544 F.2d 1233, 1243 (5th Cir. 1976); *Buchanon v. United States Postal Service,* 508 F.2d 259, 266 (5th Cir. 1975); *Canal Authority of State of Fla. v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974); *Blackshear Residents Organiz. v. Romney,* 472 F.2d 1197, 1198 (5th Cir. 1973); *Allison v. Froehlke,* 470 F.2d 1123, 1126 (5th Cir. 1972); *Southwestern Bell Teleph. Co. v. CWA,* 454 F.2d 1333, 1334, 1337 (5th Cir. 1972); *Jacksonville Maritime Ass'n. v. Local 1408–A, Internat'l. Longshoremen's Ass'n.,* 424 F.Supp. 58, 64 (M.D.Fla.1976); *Jets*

*Services, Inc. v. Hoffman*, 420 F.Supp. 1300, 1305 (M.D.Fla.1976); *Schrank v. Bliss*, 412 F.Supp. 28, 34 (M.D.Fla.1976). Finally, whether a preliminary injunction is issued or denied, it is necessary to make clear and specific findings of fact and conclusions of law. Fed.R.Civ.P. 52(a). *Granny Goose Foods, Inc. v. Local 70, Brotherhood of Teamsters and Auto Truck Drivers*, 415 U.S. at 443, 94 S.Ct. at 1126, 39 L.Ed.2d at 453; *Canal Authority of State of Fla. v. Callaway*, 489 F.2d at 578; *Jacksonville Maritime Ass'n. v. Local 1408–A, Internat'l. Longshoremen's Ass'n.*, 424 F.Supp. at 64; *Jets Services, Inc. v. Hoffman*, 420 F.Supp. at 1302; *Schrank v. Bliss*, 412 F.Supp. at 34.

The August 22, 1977, order was obtained by the Secretary from Judge Scott ex parte. Reinhold had no notice of the Secretary's request. Furthermore, the Secretary's pleadings in support of his request do not address, much less demonstrate, the traditional four criteria necessary for a preliminary injunction. Finally, there are no findings of fact and conclusions of law set forth by the Court as the basis for the order. Thus, if the August 22 order purported to be a preliminary injunction, it was deficient under the necessary Rule 65 and equity standards.

If, however, the August 22 order purported to be a temporary restraining order, it was still defective. While Rule 65(b) permits the issuance of a temporary restraining order without notice, the ex parte request must be supported by a sworn documentary showing of "immediate and irreparable injury," as well as an explanation of why notice is impracticable or should not be required. For either a temporary restraining order or a preliminary injunction, therefore, a showing of irreparable injury is the principal and overriding prerequisite. *Sampson v. Murray*, 415 U.S. at 88–92 and n. 68, 94 S.Ct. at 951–53 and n. 68, 39 L.Ed.2d at 185–87 and n. 68; *A. O. Smith Corp. v. FTC*, 530 F.2d 515, 525 (3d Cir. 1976); *Jacksonville Maritime Ass'n. v. Local 1408–A, Internat'l. Longshoremen's Ass'n.*, 424 F.Supp. at 65, *Jets Services, Inc. v. Hoffman*, 420 F.Supp. at 1306; *Schrank v. Bliss*, 412 F.Supp. at 35. Neither a tempo-rary restraining order nor a preliminary injunction should go beyond preserving the status quo ante to require mandatory conduct. *Martinez v. Mathews*, 544 F.2d at 1243.

The Secretary made no showing of immediate and irreparable injury in his request for the Court's August 22 order. Reinhold additionally argues that the thrust of the August 22 order did not merely prohibit the disappearance of a status quo ante, but was mandatory. Hence, the Court's August 22 order was infirm, whether it purported to be a preliminary injunction or a temporary restraining order.

The error in Reinhold's reasoning is that the August 22 order issued by Judge Scott was not in the nature of a temporary restraining order or a preliminary injunction. Rather, it was in the nature of a search warrant. To be sure, it was not labeled 'a search warrant.' Nonetheless, it was based upon a showing of probable cause. When he decided to issue that order, Judge Scott had before him the employee complaint and the affidavit of inspector Erwin Crampton. In addition, Judge Scott was informed that Reinhold's position had been that only under a Court order would the Secretary's representatives be admitted to the construction site. With that understanding, and on a showing of probable cause, the August 22 order issued by Judge Scott must be characterized and construed as essentially a search warrant. It is indisputable that he has jurisdiction to issue such a warrant. *Cf.* 21 U.S.C. § 880(d)(1).

It is significant to note that every court that has considered a constitutional challenge to § 657 of the statute, whether brought by an employer or by the Secretary, has found that it had subject matter jurisdiction to decide the issue on the merits. *Marshall v. Shellcast Corp.*, Case No. 77–P–0995–E (N.D.Ala., July 26, 1977); *Usery v. Centrif-Air Machine Co.*, 424 F.Supp. 959 (N.D.Ga.1977); *Barlow's, Inc. v. Usery*, 424 F.Supp. 437 (D.Idaho 1976), *stayed in part* 429 U.S. 1347, 97 S.Ct. 776, 50 L.Ed.2d 739 (1977); *Dunlop v. Hertzler En-*

terprises, Inc., 418 F.Supp. 627 (D.N.M. 1976); *In re Rupp Forge Co.*, 1976 OSHD ¶ 20,914 (Apr. 29, 1976); *Brennan v. Gibson's Prods., Inc.*, 407 F.Supp. 154 (E.D.Tex. 1976); *Brennan v. Buckeye Inds. Inc.*, 374 F.Supp. 1350 (S.D.Ga.1974). Consistent with those decisions, I find that this Court has jurisdiction at every turn of the present proceedings. Accordingly, I recommend to Judge Scott that he so hold.

## II. *Constitutionality*

On its face, § 657 of the act appears to grant the Secretary a general authority to make warrantless entries upon and inspections of work sites. With regard to those commercial enterprises that historically, because of their special nature, have been subject to extensive federal regulation or licensing, Congress has the power to authorize by statute warrantless searches, so long as the searches are specifically and reasonably restricted to comply with Fourth Amendment standards. *G. M. Leasing Corp. v. United States*, 429 U.S. 338, 353, 356, 97 S.Ct. 619, 629, 631, 50 L.Ed.2d 530, 544, 547 (1977); *United States v. Biswell*, 406 U.S. 311, 315–17, 92 S.Ct. 1593, 1596–97, 32 L.Ed.2d 87, 91–93 (1972); *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 76, 90 S.Ct. 774, 776, 25 L.Ed.2d 60, 64 (1970); *United States v. Cooper*, 409 F.Supp. 364, 367–68 (M.D.Fla.1976) *aff'd* 542 F.2d 1171 (5th Cir. 1976); *United States v. Montrom*, 345 F.Supp. 1337, 1339–40 (E.D.Pa.1972). The statutory authority is the equivalent of a valid search warrant. *United States v. Petrucci*, 486 F.2d 329, 332 (9th Cir. 1973); *United States v. Cooper*, 409 F.Supp. at 368; *United States v. Business Bldrs., Inc.*, 354 F.Supp. 141, 143 (N.D. Okl.1973); *United States v. Litvin*, 353 F.Supp. 1333, 1335–37 (D.D.C.1973); *United States v. Del Campo Baking Mfg. Co.*, 345 F.Supp. 1371, 1376 (D.Del.1972), and anyone who voluntarily participates in such a business consents to the Congressionally authorized warrantless searches. *G. M. Leasing Corp. v. United States*, 429 U.S. at 356, 97 S.Ct. at 631, 50 L.Ed.2d at 547, *Cf. United States v. New Orleans Public Service, Inc.* 553 F.2d 459, 471–72 (5th Cir. 1977).

Hence, the questions of consent and of a valid warrant do not arise.

Apart from business activities that have intrinsically and historically required extensive federal regulation, however, the Fourth Amendment requirement of a valid search warrant controls, unless there were a showing of exigent circumstances that justify one of the carefully defined exceptions to the warrant requirement; *G. M. Leasing Corp. v. United States*, 429 U.S. 356, 97 S.Ct. 631, 50 L.Ed.2d 547, or, unless the activity were openly exposed and accessible to the public so that an expectation of privacy would be unreasonable. *Air Pollution Variance Bd. v. Western Alfalfa Corp.* 416 U.S. 861, 865, 94 S.Ct. 2114, 2115, 40 L.Ed.2d 607, 611 (1974); *Hester v. United States*, 265 U.S. 57, 59, 44 S.Ct. 445, 446, 68 L.Ed. 898, 900 (1924). *Cf. Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *United States v. Hunt*, 505 F.2d 931, 936–37 (5th Cir. 1974); *United States v. Cooper*, 409 F.Supp. at 369. Several three-judge district courts have held that § 657 of the statute is unconstitutional if it purports to contravene the Fourth Amendment's requirement of a valid search warrant. *Barlow's, Inc. v. Usery*, 424 F.Supp. 437, 442 (D.Idaho 1976); *Dunlop v. Hertzler Enterprises, Inc.*, 418 F.Supp. 627, 630 (D.N.M.1976); *Brennan v. Gibson's Prods., Inc.* 407 F.Supp. 154, 156 (E.D.Tex. 1976). Those decisions were all premised on the authority of *Camara v. Municipal Court of City of San Francisco*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); *See v. City of Seattle*, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967), and especially the more recent decisions of *Air Pollution Variance Bd. v. Western Alfalfa Corp.*, *supra*, and *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). Only *Brennan v. Buckeye Inds., Inc.*, 374 F.Supp. 1350, 1354 (S.D.Ga.1974) is to the contrary. However, it relied on *United States v. Biswell, supra*, and *Colonnade Catering Corp. v. United States*, *supra*, and was decided without the benefit of *Air Pollution Variance Bd. v. Western Alfalfa Corp., supra*, and *Almeida-Sanchez*

*v. United States, supra.* Moreover, none of the courts had the benefit of the Supreme Court's recent decision in *G. M. Leasing Corp. v. United States, supra.* In that case, the Court decidedly emphasized that (1) the *Biswell* and *Colonnade* decisions were unique to the kinds of commercial industries regulated in upholding statutorily authorized warrantless searches; and (2) otherwise, the normative Fourth Amendment search warrant requirement protects commercial enterprises from warrantless, governmental searches and seizures. 429 U.S. at 356, 97 S.Ct. at 631, 50 L.Ed.2d at 547.

A cardinal canon of statutory construction is that the legislature (Congress) is presumed to have intended to enact a valid statute, and consistent with that presumption, a statute should be interpreted, insofar as possible, so as to preserve its constitutional validity. *United States Civil Service Comm'n v. National Ass'n of Letter Carriers,* 413 U.S. 548, 571, 93 S.Ct. 2880, 2893, 37 L.Ed.2d 796, 812 (1973); *United States v. Vuitch,* 402 U.S. 62, 70, 91 S.Ct. 1294, 1298, 28 L.Ed.2d 601, 608 (1971); *United States v. National Dairy Prods. Corp.,* 372 U.S. 29, 32, 83 S.Ct. 594, 597, 9 L.Ed.2d 561, 565 (1963); *Flemming v. Nestor,* 363 U.S. 603, 617, 80 S.Ct. 1367, 1376, 4 L.Ed.2d 1435, 1448 (1960); *Ashwander v. TVA,* 297 U.S. 288, 348, 56 S.Ct. 466, 483, 80 L.Ed. 688, 712 (1936); *United States v. Irving,* 509 F.2d 1325, 1329–30 (5th Cir. 1975); *United States v. Hairston,* 161 U.S.App.D.C. 466, 472, 495 F.2d 1046, 1052 (1974); *United States v. Thompson,* 147 U.S.App.D.C. 1, 5, 452 F.2d 1333, 1337 (1971), *cert. denied* 405 U.S. 998, 92 S.Ct. 1251, 31 L.Ed.2d 467 (1972); *Edwards v. Habib,* 130 U.S.App.D.C. 126, 129, 397 F.2d 687, 690 n. 6 (1968), *cert. denied* 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969). *See Marshall v. Barlow's Inc.,* 429 U.S. 1347, 1348, 97 S.Ct. 776, 777, 50 L.Ed.2d 739, 740 (1977), *stay'g in part* 424 F.Supp. 437 (D.Idaho 1976); *Usery v. Centrif-Air Machine Co.,* 424 F.Supp. at 962 n. 6; *Dunlop v. Hertzler Enterprises, Inc.,* 418 F.Supp. at 634; *In re Rupp Forge Co.,* 1976 OSHD ¶ 20,914 (Apr. 29, 1976); *Brennan v. Gibson's Prods., Inc.,* 407 F.Supp. at 162, 163. If the statute were to be construed to

permit general, warrantless searches, as the Secretary insists, it would be repugnant to the Fourth Amendment and would necessarily fall. *U.S.Const.,* art. VI, § 2. *Dunlop v. Hertzler Enterprises, Inc.,* 418 F.Supp. at 633; *see, Barlow's, Inc. v. Usery,* 424 F.Supp. at 441–42 (where statute was so construed and invalidated). *See also United States v. Butler,* 297 U.S. 1, 62–63, 56 S.Ct. 312, 317–318, 80 L.Ed. 477, 486–87 (1936); *United States v. Wong Kim Ark,* 169 U.S. 649, 698, 18 S.Ct. 456, 475, 42 L.Ed. 890, 908 (1898); *Marbury v. Madison,* 1 Cranch 137, 176–19, 2 L.Ed. 60, 73–74 (1803). It is possible, however, to construe the statute so as to accommodate its authority with the Fourth Amendment's search warrant requirement. By subsuming the statute's grant of authority to the Secretary to make inspections, under the Fourth Amendment's requirement that a valid search warrant be issued by a neutral magistrate or judge, upon a showing of probable cause, the statute's constitutionality can be preserved. *Usery v. Centrif-Air Machine Co.,* 424 F.Supp. at 960, 962 and n. 6; *Dunlop v. Hertzler Enterprises, Inc.,* 418 F.Supp. at 630, 632, 633–34; *In re Rupp Forge Co.,* 1976 OSHD ¶ 20,914 (Apr. 29, 1976); *Brennan v. Gibson's Prods., Inc.,* 407 F.Supp. at 162–63. Both the language and legislative history of the statute allow this interpretative accommodation. *Dunlop v. Hertzler Enterprises, Inc.,* 418 F.Supp. at 634. *See* 2 *U.S.Code Congress'l. & Admin. News* (91st Cong., 2d Sess.) 5177, 5187–89, 5207 (1970). Thus, although the statute facially appears to conflict with the Fourth Amendment's requirement of a valid search warrant; and although the Fourth Amendment's warrant requirement must govern any ostensible conflicting, general authorization to conduct warrantless searches; it is possible to interpret the statute in such a way that the apparent conflict is resolved. Nevertheless, I do not believe it is necessary for the Court to reach the constitutional issue on its merits, *cf. Lake Butler Apparel Co. v. Secretary of Labor,* 519 F.2d 84, 88 (5th Cir. 1975), in view of the administrative search warrant issued upon the Secre-

tary's alternative request and strong showing of probable cause. Accordingly, I recommend to Judge Scott that he not decide the question of the constitutionality of § 657 of the statute.

### III. Probable Cause and Issuance of a Search Warrant

At the hearing on the show cause order, the Secretary, while expressly not waiving his position that § 657 of the statute constitutionally authorizes warrantless searches of business premises, alternatively applied for a search warrant. The Secretary presented the same employee complaint, and affidavit by inspector Crampton, from which Judge Scott found probable cause for the August 22 order. In addition, testimonial evidence from inspector Crampton, along with documentary evidence in the form of identified and authenticated photographs,[5] were presented.

While a foundation of probable cause is necessary for the issuance of an administrative search warrant, the standard for probable cause is different because it is flexible and variable. *Camara v. Municipal Court of City of San Francisco*, 387 U.S. at 538, 87 S.Ct. at 1735, 18 L.Ed.2d at 940–41; *See v. City of Seattle*, 387 U.S. at 545, 87 S.Ct. at 1740, 18 L.Ed.2d at 947. What constitutes probable cause in the administrative search situation is determined from, and varies according to, a balancing of (1) the government's interest or need to search, (2) the nature of the search, (3) the reasonableness of the citizen's interest in privacy and freedom from governmental intrusion, and (4) the specific facts of each case. *Camara v. Municipal Court of City of San Francisco*, 387 U.S. at 534–39, 87 S.Ct. at 1733–36, 18 L.Ed.2d at 938–41; *See v. City of Seattle*, 387 U.S. at 545, 87 S.Ct. at 1740, 18 L.Ed.2d at 947. In order to issue an administrative search warrant based upon probable cause it is not always necessary to show that actual, specific violations exist. *Camara v.*

*Municipal Court of City of San Francisco*, 387 U.S. at 534, 87 S.Ct. at 1733, 18 L.Ed.2d at 938. *Rice v. Wolff*, 513 F.2d 1280, 1294 n. 11 (8th Cir. 1975), *aff'g* 388 F.Supp. 185 (D.Neb.1974), *rev'd on other grnds. sub nom. Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067. *United States v. Thriftimart, Inc.* 429 F.2d 1006, 1008 (9th Cir. 1970); *United States v. Pugh*, 417 F.Supp. 1019, 1023 (W.D.Mich.1976); *United States v. Enserro*, 401 F.Supp. 460, 463 (W.D.N.Y.1975); *United States v. Anile*, 352 F.Supp. 14, 17 (N.D.W.Va.1973); *United States v. Greenberg*, 334 F.Supp. 364, 367 (W.D.Pa.1971).

Nevertheless, from all of the evidence presented, I concluded that probable cause exists to believe that Reinhold *is* violating the OSHA statute and regulations, and to justify entry upon and inspection of the construction site. Consequently, I issued a search warrant to the Secretary's representative on September 3, 1977. Reinhold's official policy statement declares that

> [w]e will obey any search warrant that fulfills the requirements of the Fourth Amendment. The warrant must be limited in scope, relevant in purpose, and specific in directive.

The current search warrant, based upon a showing of probable cause, is limited to the specific Fourth Amendment standard of reasonableness. There was, therefore, every reason to believe that Reinhold would comply with the warrant. The warrant has been returned, properly executed, showing that Reinhold did comply with its provisions.

### IV. Contempt

The Court's order of August 22 was properly based on an ex parte determination of probable cause by Judge Scott. As such, it was essentially a warrant to conduct an administrative search. Nevertheless, because of its misnomer, the order was re-

---

5. The photographs, taken from outside of the construction site, constitute evidence visible to the public in open places, and therefore not protected by the Fourth Amendment. *Air Pollution Variance Bd. v. Western Alfalfa Corp.*

416 U.S. 861, 865, 94 S.Ct. 2114, 2115, 40 L.Ed.2d 607, 611 (1974); *Hester v. United States*, 265 U.S. 57, 59, 44 S.Ct. 445, 446, 68 L.Ed. 898, 900 (1924).

garded by Reinhold as essentially a mandatory temporary restraining order or preliminary injunction. Reinhold believed that the Court lacked jurisdiction, not only to issue what Reinhold considered to be a mandatory injunction, but to issue any orders concerning the subject matter of this dispute. Therefore, in refusing to obey the August 22 order, Reinhold acted in good faith.

Further, in good faith, Reinhold moved the Court to dissolve what Reinhold considered to be an invalid injunctive decree. The current administrative search warrant was based on the same evidentiary showing, and more, from which Judge Scott found probable cause. Thus, the current administrative search warrant supersedes any need to rely on or enforce the August 22 order. While that order is not a temporary restraining order or preliminary injunction to be dissolved, it can be vacated and set aside by the Court.

Because of Reinhold's good faith opposition to the Court's August 22 order, the issuance of the current administrative search warrant, and the compliance with that warrant, I find Reinhold not to be contumacious of this Court's authority. *Cf. Maness v. Meyers*, 419 U.S. at 465, 467, 468–70 and n. 19, 95 S.Ct. at 594, 595, 596–97 and n. 19, 42 L.Ed.2d at 587, 588, 589–90 and n. 19.

Accordingly, I recommend (1) that the order to show cause concerning contempt be discharged, and (2) that the Court vacate and set aside the August 22 order as superseded by the current administrative search warrant and that this case be dismissed. In accordance with Local Rule 6.02 either party may request a review of this recommendation within ten (10) days from date hereof.