## UNITED STATES v. 1322 CANS, MORE OR LESS, OF BLACK RASPBERRY PUREE.

### No. 23741.

District Court, N. D. Ohio, E. D.

Nov. 6, 1946.

Don C. Miller, U. S. Dist. Atty., of Cleveland, Ohio, for plaintiff.

Don Wick, of Cleveland, Ohio, for defendant.

JONES, District Judge.

This case was disposed of by a consent decree approved by attorneys for the claimant and the United States Attorney representing the Government. The decree provides for the condemnation of the black raspberry puree because it was adulterated and upon bond allows the reconditioning by distillation or reprocessing for making cordials, brandies or jellies but subject to the approval of the Food and Drug Administration of the Federal Security Agency.

The claimant wants to reprocess the puree by filtration and make jelly of it. The Food and Drug Administration objects to this method and refuses to supervise a reconditioning process of the filtration type because, as it says, such process would not produce a product which it would approve for human consumption.

The claimant has filed a motion for an order of the court to require the Food and Drug Administration to supervise such a reprocessing. The plaintiff has moved to set aside that portion of the decree which allows the reprocessing by the pressing or filtration method. Voluminous briefs and affidavits have been filed by both parties.

There is some doubt as to the authority of the court to alter a consent decree. However, it seems unnecessary to change the decree of the court. Without a trial it is not possible to determine whether the reprocessing method proposed by the claimant complies with the provisions of the Pure Food and Drug Law, 21 U.S.C.A. § 1 et seq. That was not an issue in this case

nor should it be determined on the motion of the claimant supported by affidavits and the briefs filed. That would be the issue in a new case if the claimant were allowed to reprocess the puree as it proposes and if the puree were subsequently condemned by the Food and Drug Administration.

The purpose of vesting discretion and supervisory powers in the Food and Drug Administration as to reprocessing was to avoid such a succession of suits. After a product has been condemned its re-process is a permissive matter within the discretion of the court as indicated by the use of the word "may" in the statute. The statute also provides that the reconditioned puree must be brought into compliance with the provisions of the Pure Food and Drug law under the supervision of the Administration. Where several methods of reproc-essing are enumerated, as in this decree, the question of who shall determine the one to be used and which, when used, will bring the reconditioned puree into compliance with the statute seems to be the only ques-tion for decision, i. e., does the claimant who does the reprocessing or the Food and Drug Administration under whose super-vision the work is to be done have the right to determine the method which would bring the reprocessed product into compliance with the law?

The Food and Drug Administration has determined that distillation is the only process which would recondition this puree for human consumption and which it would approve. I see no abuse of discretion in making this determination nor can the court interfere with that determination. To interfere would be substituting the judg-ment of the court for that of the Food and Drug Administration upon a matter which it is better able to decide and upon an issue which I think is not properly joined in this case.

The fact that the claimant will suffer financial loss is not of great materiality. Its product was found to be unfit for human consumption and the reconditioning is not a matter of right but of permission by the court.

The motion of the claimant will be de-nied.

The motion of the Government insofar as it seeks to alter the decree will likewise be denied.

An entry may be presented in accordance with this ruling.