**GELLMAN et al. v. UNITED STATES.**

**No. 13412.**

Circuit Court of Appeals, Eighth Circuit.

March 4, 1947.

Maurice Weinstein, of Milwaukee, Wis., for appellants.

Victor E. Anderson, U. S. Atty., of St. Paul, Minn. (Theron L. Caudle, Asst. Atty. Gen., Clifford F. Hansen, Asst. U. S. Atty., of St. Paul, Minn., and Vincent A. Kleinfeld, Atty., Department of Justice, and James B. Goding, Atty., Federal Security Agency, both of Washington, D. C., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is to reverse a judgment of condemnation entered after trial by the court upon a libel of information by the United States against a shipment of rubber prophylactics transported in interstate commerce from Akron, Ohio, to Minneapolis, Minnesota, and there seized from appellants who are the owners. The articles are sold ostensibly for the purpose of preventing transmission of venereal disease and were labelled in part Xcellos' Prophylactics and in part Silver Tex Prophylactics, and the condemnation was ordered pursuant to the Federal Food, Drug, and Cosmetic Act, § 304, 21 U.S.C.A. § 334, upon the findings and conclusions of the court that the articles were adulterated within the meaning of 21 U.S.C.A. § 351(c) and were misbranded within the meaning of 21 U.S.C.A. § 352(a).

Before the information of libel was filed, agents of the government purchased some of the articles and subjected them to tests, and after such filing and the seizure of the articles the parties stipulated in writing that the owners "cannot perfect the evidence required to proceed with said case until furnished with a sample of said seized property," and that representatives of the parties "on inspecting said seized property can best determine what sample is necessary to constitute a representative sample thereof" and "that the court may make the attached order" to permit examination and taking of representative samples of the articles. The court acted in accordance with the stipulation and issued the order agreed upon by the parties. In consequence all of the seized articles were not subjected to testing, and the findings and conclusions of the court in respect to the charges of adulteration and misbranding were drawn from the testimony showing the nature, uses and purposes of the articles, the scale

and processes of manufacture, the packing, labelling and shipment, and the results of the tests of the samples taken pursuant to the stipulation and order.

It appears that the articles are produced in quantities of millions by the manufacturer who has large investment in plant, machinery, material and product, and as the case is said to present the first instance of reported decision in the federal courts upon the application of the Act to interstate shipments of rubber devices of the kind involved through condemnation proceedings, the grounds relied on to avoid condemnation were fully developed and argued at the trial and on this appeal. The tests of the samples taken from the shipment showed that it included a substantial percentage of "leakers" having holes in them not discernible to the naked eye but of such size as to permit the passage of disease germs to and fro, which germs in the test carried to that extent remained alive and propagated. But it was also shown that a much larger percentage of the shipment in which the defective devices were indistinguishably commingled were not "leakers" and were, therefore, disease preventive and prophylactic to the extent limited by the uses for which they are adapted. The tests applied to the samples rendered them unfit for sale in ordinary course and in some instances caused them to burst.

The judgment of condemnation preserves to the owners the right accorded by Sec. 334(d) to repossess themselves of the shipment and separate the defective articles therefrom and upon bringing the shipment into compliance with the Act under designated supervision, to sell the same.

The position taken by the owners is that the Act does not confer the power to order condemnation of the whole shipment of commingled sound and defective articles; that the designation of the articles as Pro-

phylactic was not "misbranding" even as to the "leakers" shown to have holes in them, and that the articles with the holes in the rubber of which they are composed, were not adulterated.

The trial court filed a written opinion with its findings and conclusions, and the same is reported in United States v. 43½ Gross Rubber Prophylactics Labeled in Part "Xcello's Prophylactics," D. C., 65 F.Supp. 534. It presents the issues in the case and contains a fair statement of the evidence and the grounds of decision. It also reflects careful consideration of all matters of defense asserted for the owners and meets all substantial contentions for their position. We think it continues to meet such contentions, notwithstanding additional briefs and arguments submitted to and considered by us on this appeal. The additional contention that the samples were not representative of the shipment is not sustained. Our study of the record has satisfied us that the charges of the libel of information are supported by substantial evidence and that the provisions of the Act relied on authorized the court to enter the judgment of condemnation of the whole shipment subject to the conditions for repossession, separation and restoration of the shipment to compliance contained in the judgment. We think that the judgment in accordance with the opinion of the trial court (and with its separately filed findings and conclusions) was in all respects correct and proper, and although we recognize the importance of the case to the appellants and as a precedent, we think no good purpose would be served by making a re-statement of it from the record before us. We approve the statement of the case, the findings and conclusions, and the reasoning and decision as set forth in the opinion of the trial court, and find no error therein, and therefore affirm the judgment entered in accordance therewith.

Affirmed.