UNITED STATES of America, Plaintiff,

v.

VARIOUS CASES OF ADULTERATED ALCOHOLIC BEVERAGES (a/k/a Nome Liquor Condemnation Cases), Defendant.

Civ. Nos. A75–44, 45, 47 and 48.

United States District Court, D. Alaska.

Aug. 13 and Sept. 23, 1976.

G. Kent Edwards, U. S. Atty., Anchorage, Alaska, Jay H. Geller, Assoc. Chief Counsel for Enforcement, Food and Drug Administration, Dept. of Health, Education and Welfare, Los Angeles, Cal., for plaintiff.

Wm. G. Azar, Kennelly & Azar, Anchorage, Alaska, George Alexander McKray, San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

von der HEYDT, Chief Judge.

This Cause comes before the court on Claimants' Motion to Permit Reconditioning of Articles After Decree of Condemnation.

These articles, consisting of bottles and cans of various types, were damaged in a flood in Nome, Alaska, in 1974. Upon a Complaint for Forfeiture by the United States a Consent Decree of Condemnation was entered by the Court on June 9, 1976. The Decree declared the items to be adulterated while held for sale after shipment in interstate commerce within the meaning of 21 U.S.C. § 342(a)(4). The Decree also allowed the Claimants to recondition the articles pursuant to 21 U.S.C. § 334(d) under the supervision of the Food and Drug Administration.

The F.D.A. has notified Claimants that it will certify the goods as acceptable only upon complete reprocessing of the product. Claimants desire to reprocess by using a combination of external cleansing and visual inspection. In the Claimants' view the position of the F.D.A. is arbitrary

**2**

and capricious and will result in significant financial harm.

In *United States v. 1322 Cans, Etc.*, 68 F.Supp. 881 (N.D.Ohio 1946) the Court stated that in such matters the F.D.A. is to determine the proper method for reconditioning. It is also worthy to note that the Consent Decree specifically authorized the F.D.A. to supervise and approve the reconditioning. The F.D.A. has submitted an extensive affidavit of an expert in support of its position that it cannot be said that its action is arbitrary and capricious nor an abuse of discretion.

Claimants wish to distinguish *U. S. v. 1332 Cans, Etc.*, 68 F.Supp. 881 (N.D.Ohio 1946) on the ground that in that case there was actual adulteration of the goods and that here there is only external contamination. Alternatively, Claimants maintain that the F.D.A. does not need to test all of the bottles but only a representative sample. *See e. g., United States v. 43½ Gross "Xcello's Prophylactics,"* 65 F.Supp. 534 (D.Minn.1946), aff'd sub nom., *Gellman v. U. S.*, 159 F.2d 881 (8 Cir. 1947). These points are not well taken.

The thrust of the F.D.A.'s affidavits is that the reconditioning plan proposed by Claimants may in fact result in actual adulteration once the bottles and cans are opened. In addition, the Consent Decree deems the articles adulterated in violation of 21 U.S.C. § 342(a)(4).

As to the sampling procedure proposed by Claimants, the case relied upon is not on point. In *U. S. v. 43½ Gross "Xcello's Prophylactics,"* supra, the court specifically noted that there was no issue as to the samples being representative. 65 F.Supp. at 536. In the present case the affidavits submitted by the government show that there is serious question in this case as to the representative status of any sample. The affidavit of Mr. Davis shows that each can or bottle is subject to differing degrees of contamination and, therefore, it is impossible to obtain a representative sampling.

■ As to the financial loss ⁺hat will befall Claimants, the court in *U. S. v. 1322*

*Cans, Etc.*, 68 F.Supp. 881, 882 (N.D.Ohio 1946) noted that such consideration is immaterial.

THEREFORE, IT IS ORDERED:

THAT Claimants' Motion to Permit Reconditioning After Decree of Condemnation is denied.