UNITED STATES of America, Plaintiff,

v.

ROUX LABORATORIES, INC., a corporation, Defendant.

No. 75–30–Misc–J.

United States District Court,
M. D. Florida,
Jacksonville Division.

Sept. 7, 1978.

974

Thomas E. Morris, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff.

Joanne S. Sisk, Associate Chief Counsel for Enforcement, Food and Drug Division, DHEW, Rockville, Md., for FDA.

George Stelljes, Jr., Jacksonville, Fla., for defendant.

## OPINION

CHARLES R. SCOTT, District Judge.

In June, 1975, an administrative search warrant was issued by the Court, authorizing agents of the Food and Drug Administration ("FDA") to inspect the premises of Roux Laboratories, Inc. ("Roux"), and to collect samples of identified raw material used in the manufacture of retail, hair dye products. That warrant was not honored by Roux. Instead, Roux resisted compliance with the warrant. A contempt hearing was held in 1975; but the case later became tangled in several discovery disputes, with opposing discovery motions and objections. The Court resolved those disputes in its order of August 19, 1977. However, the Court did not reach the issue of Roux's contempt, and has never ruled on that question.

Two months later, on October 19, 1977, a new administrative search warrant was issued by the Honorable Harvey E. Schlesinger, United States Magistrate. When FDA agents attempted to execute the warrant, on October 20, 1977, by inspecting the premises and collecting samples of raw materials, once again Roux resisted the search warrant. An order to show cause concerning contempt of the Court's search was issued by Judge Schlesinger on October 27, 1977, following referral of contempt proceedings to him. Contempt hearings were held on November 3 and December 19, 1977. The FDA and Roux were permitted to brief the issues. Those issues are (1) whether the FDA possesses the authority to collect samples of materials during administrative searches; (2) whether the eight ounce samples to be collected by FDA are unreasonable amounts; (3) whether the particular searches in 1975 and again in 1977 constitute harassment by FDA against Roux; and (4) whether Roux is, and should be held, in contempt of this Court's search warrants.

On February 28, 1978, findings of fact, conclusions of law, and a recommendation that Roux be held in contempt of the Court's October 19, 1977, search warrant were issued by Judge Schlesinger. Roux filed objections to those findings, conclusions and the recommendation on March 22, 1978. The Court has reviewed the transcripts of the contempt hearings before Judge Schlesinger, Roux's objections, and Judge Schlesinger's findings of fact and conclusions of law. The Court will rule on the four issues raised by Roux, and then in a separate order rule on the specific objections raised by Roux.

### I. FDA's Authority to Search and Collect Samples

21 U.S.C. § 374(a), (c), and (d) authorizes FDA agents to conduct reasonable searches and inspections of the premises of businesses and establishments regulated by the act, and to collect samples for testing and examination. *See* 21 U.S.C. § 372(a) and (b). *United States v. 75 Cases, More or Less, Each Containing 24 Jars of Peanut Butter*, 146 F.2d 124, 128 (4th Cir. 1944), *cert. denied* 325 U.S. 856, 65 S.Ct. 1183, 89 L.Ed. 1976 (1945); *United States v. El Rancho Adolphus Prods.*, 140 F.Supp. 645, 651 (M.D.Pa.1956), *aff'd* 243 F.2d 367 (3d Cir. 1957), *cert. denied* 353 U.S. 976, 77 S.Ct. 1058, 1 L.Ed.2d 1136 (1957); *United States v. 43½ Gross Rubber Prophylactics*, 65 F.Supp. 534, 536 (D.Minn.1946), *aff'd sub nom. Gellman v. United States*, 159 F.2d 881 (8th Cir. 1947). 21 U.S.C. § 331(f) prohibits the refusal to permit such inspections, and § 333(a) imposes a penalty of one year or $1,000.00 fine or both, making such refusal a misdemeanor. Finally, under unique circumstances not present here, FDA agents had the right to examine and test all of the items regulated, not merely representative samples. *United States v. Various Cases of Adulterated Alcoholic Beverages*, 421 F.Supp. 1, 2 (D.Alaska 1976). There is no question, therefore, that FDA agents have the authority to conduct administrative searches and inspections, collecting representative samples for testing and examination; the Court so holds.

### II. Reasonableness of Eight Ounce Samples

21 U.S.C. § 372(b) requires that, upon request, FDA agents provide a part of

each representative sample collected for examination or analysis to be provided to the owner. *Triangle Candy Co. v. United States,* 144 F.2d 195, 198 (9th Cir. 1944); *United States v. Acri Wholesale Grocery Co.,* 409 F.Supp. 529, 533–34 (S.D.Iowa 1976); *United States v. Kendall Co.,* 324 F.Supp. 628, 630 (D.Mass.1971). Having considered all of the testimony presented to Judge Schlesinger, the Court agrees with him that, in order to meet the requirements of § 372(b) to provide a part of each sample collected to Roux, an eight ounce total sample is not an unreasonable amount. Roux replied that, in view of the ability of many chemical tests to be performed on far smaller sample amounts, FDA ought to specify what tests and examinations it intends to run. The short answer to that reply, however, is that the statute authorizes FDA to conduct tests and examinations, and delegates to FDA the discretion to determine what tests and examinations to run. In short, what tests FDA might conduct is a matter of its own statutory business, and not a question with which Roux can properly be concerned. The Court, therefore, holds that eight ounce samples are reasonable amounts to be collected by FDA agents.

### III. *Harassment of Roux by FDA Searches*

■ Roux contends that the administrative search warrant, and attempted search, in 1975, together with the later search warrant in October, 1977, and attempted search, constitute harassment by the government against Roux. To support that contention, Roux points to litigation out in California between the government and itself. This Court, however, does not view the litigation out in California between Roux and the government as in any way affecting the right of the FDA to obtain a search warrant here, and the duty of Roux to obey such a search warrant for the inspection of its facilities within the Middle District of Florida. Whatever may have transpired between Roux and the government in California is irrelevant to the rights and duties stemming from a valid search warrant issued by this Court. Consequent-

ly, the Court agrees with Judge Schlesinger, and therefore holds, that two separate inspections, pursuant to valid administrative search warrants, issued more than two years apart, "cannot be considered" harassment. In other words, the FDA is merely carrying out its statutory and regulatory obligations.

■ One of the FDA's duties is to ensure that products are not misbranded in their labeling and contents. 21 U.S.C. § 362. A cosmetic is "deemed to be misbranded if its labeling is false or misleading in any particular." 21 U.S.C. § 362(a). The purpose of the statute is to keep impure and adulterated foods, drugs, and cosmetics, out of the channels of interstate commerce, which affect the lives and health of the public in innumerable phases. *See 62 Cases, More or Less, Each Containing 6 Jars of Jam v. United States,* 340 U.S. 593, 596, 71 S.Ct. 515, 518, 95 L.Ed. 566, 570 (1951). In order to protect the public health, the statute should be liberally construed to effectuate its purposes. *United States v. 1200 Cans, Pasteurized Whole Eggs,* 339 F.Supp. 131, 135 (N.D.Ga.1972); *United States v. 30 Cases, More or Less, Leader Brand Strawberry Fruit Spread,* 93 F.Supp. 764, 769 (S.D.Iowa 1950). *Cf. United States v. Dotterweich,* 320 U.S. 277, 280, 64 S.Ct. 134, 136, 88 L.Ed. 48, 51 (1943). Consequently, it is important that the FDA act promptly, in discharging its responsibilities under the statute, in order to protect and further the public interest in the health and safety of "consumers throughout the Nation from misbranded drugs". *United States v. Kordel,* 397 U.S. 1, 11, 90 S.Ct. 763, 769, 25 L.Ed.2d 1, 10 (1970).

■ On the other hand, where entry and inspection, required by the statute, are refused, an administrative search warrant issued after a showing of probable cause is necessary. *Cf. Marshall v. Barlow's, Inc.,* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978); *G. M. Leasing Corp. v. United States,* 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977); *See v. Seattle,* 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967);

*Camara v. Municipal Court of San Francisco,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). To be sure, the administrative inspection search is of a different character than a criminal search. The kind of showing of probable cause for an administrative search warrant is different because it varies from one situational context to another,[1] unlike the single standard of probable cause needed to obtain a criminal search warrant. *Marshall v. Barlow's, Inc.,* 436 U.S. at 320, 98 S.Ct. at 1824, 56 L.Ed.2d at 316; *Camara v. Municipal Court of San Francisco,* 387 U.S. at 538, 87 S.Ct. at 1735, 18 L.Ed.2d at 940–41; *See v. Seattle,* 387 U.S. at 545, 87 S.Ct. at 1740, 18 L.Ed.2d at 947; *Marshall v. Reinhold Constr., Inc.,* 441 F.Supp. 685, 695 (M.D.Fla.1977). Nonetheless, the Fourth Amendment protects against involuntary intrusions by the government, whether administrative or criminal. *Marshall v. Barlow's, Inc.,* 436 U.S. at 312, 314–315, 323, 98 S.Ct. at 1820, 1821, 1826, 56 L.Ed.2d at 311, 313, 319; *G. M. Leasing Corp. v. United States,* 429 U.S. at 353, 97 S.Ct. at 629, 50 L.Ed.2d at 544; *Marshall v. Reinhold Constr., Inc.,* 441 F.Supp. at 693. Consequently, a valid search warrant is necessary [2] absent consent or "a showing of exigent circumstances that justify one of the carefully defined exceptions to the warrant requirement." *Marshall v. Reinhold Constr., Inc.,* 441 F.Supp. at 693.

In the present case, Roux has repeatedly refused administrative inspection searches by FDA agents engaged in carrying out the agency's statutory duties. In the face of such refusal, the Court, upon showings of probable cause, issued administrative search warrants in 1975 and 1977. It cannot reasonably be concluded that two administrative search warrants, issued more than two years apart, in the face of refusals to allow entry and inspection, and in view of the

1. Probable cause for an administrative search warrant is based upon, and varies according to, "a balancing of (1) the government's interest or need to search, (2) the nature of the search, (3) the reasonableness of the citizens' interest in privacy and freedom from governmental intrusion, and (4) the specific facts of each case." *Marshall v. Reinhold Constr., Inc.,* 441 F.Supp. at 695. *See Marshall v. Barlow's, Inc.,* 436 U.S. at 320, 98 S.Ct. at 1824, 56 L.Ed.2d at 316; *Camara v. Municipal Court of San Francisco,* 387 U.S. at 534–39, 87 S.Ct. at 1733, 18 L.Ed.2d at 938–41; *See v. Seattle,* 387 U.S. at 545, 87 S.Ct. at 1740, 18 L.Ed.2d at 947.

2. After the Supreme Court's decisions in *United States v. Biswell,* 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972), and *Colonnade-Catering Corp. v. United States,* 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970), some lower federal courts thought that the mere enactment by Congress of a valid statute purporting to authorize nonconsensual, warrantless, administrative searches and inspections supplied the right of entry that a warrant otherwise provides. More specifically, some lower courts thought that the statute involved in this case, the Food, Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq.,* allowed warrantless, unconsented-to, entries and inspections of regulated establishments on the basis of the Act's own purported authority, 21 U.S.C. § 374. *See United States v. ACRI Wholesale Grocery Co.,* 409 F.Supp. 529, 533 n. 2 (S.D.Iowa 1976); *United States v. Business Builders, Inc.,* 354 F.Supp. 141, 143 (N.D.Okl.1973); *United States*

*v. Del Campo Baking Mfg. Co.,* 345 F.Supp. 1371, 1374–77 (D.Del.1972).

In *G. M. Leasing Corp. v. United States,* 429 U.S. at 353–54, 356–58, 97 S.Ct. at 628–29, 630–31, 50 L.Ed.2d at 544, 546–47, and more recently in *Marshall v. Barlow's, Inc.,* 436 U.S. at 313–315, 98 S.Ct. at 1821, 56 L.Ed.2d at 312, the Supreme Court expressly made clear that the statutorily authorized "equivalent of a valid search warrant", *Marshall v. Reinhold Constr., Inc.,* 441 F.Supp. at 693, applies only to "those commercial enterprises that historically, because of their special nature, have been subject to extensive federal regulation or licensing," since "anyone who voluntarily participates in such a business consents to the Congressionally authorized warrantless searches." *Id.* Otherwise, the Fourth Amendment requirement, that a valid search warrant be obtained before an administrative inspection can be conducted over the denial of entry, is controlling. *Id.; Empire Steel Mfg. Co. v. Marshall,* 437 F.Supp. 873, 877–880 (D.Mont.1977); *Usery v. Centrif-Air Machine Co.,* 424 F.Supp. 959, 961–62 (N.D.Ga.1977); *Dunlop v. Hertzler Enterprises, Inc.,* 418 F.Supp. 627, 631–34 (D.N.M.1976). Additionally, it must be noted that some lower courts never veered from the Fourth Amendment's requirement of valid search warrants in order to conduct administrative inspections, even under the Food, Drug & Cosmetic Act. *United States v. Litvin,* 353 F.Supp. 1333, 1338 (D.D.C.1973); *United States v. Kendall Co.,* 324 F.Supp. 628, 630 (D.Mass.1971). *Cf. United States v. Thriftimart, Inc.,* 429 F.2d 1006, 1010 (9th Cir. 1970).

FDA's mandatory duty to inspect and examine Roux's business enterprise, constitutes harassment. The Court, therefore, holds that such conduct, far from being harassment, is a reasonable attempt to carry out Congress' intention underlying the Food, Drug & Cosmetic Act.

### IV. *Roux's Contempt of Court*

The distinction between criminal contempt and civil contempt is one that is based upon the nature and purpose of the contempt charges and sanction imposed, not the mere label attached. *In re Stewart,* 571 F.2d 958, 963 (5th Cir. 1978); *United States v. Spectro Foods, Corp.,* 544 F.2d 1175, 1182 (3d Cir. 1976); *Southern Ry. Co. v. Lanham,* 403 F.2d 119, 124 (5th Cir. 1968). *Cf. Shillitani v. United States,* 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622, 627 (1966). The purposes of civil contempt, and the sanctions imposed because of it, are coercive (to obtain compliance with the court's orders) and compensatory (to remedy any losses or injuries sustained by a party as a result of the disobedient party's failure to comply with the court's order). *Shillitani v. United States,* 384 U.S. at 368, 86 S.Ct. at 1534, 16 L.Ed.2d at 626; *In re Stewart,* 571 F.2d at 963; *Cook v. Ochsner Foundation Hosp.,* 559 F.2d 270, 272 (5th Cir. 1977); *United States v. Spectro Foods Corp.,* 544 F.2d at 1182; *IBM v. United States,* 493 F.2d 112, 115 (2nd Cir. 1973). The judgment of civil contempt, and the imposition of sanctions that it carries are always conditional and contingent, remediable and able to be purged by compliance with the court's orders. *Shillitani v. United States,* 384 U.S. at 370–71, 86 S.Ct. at 1535, 16 L.Ed.2d at 627; *In re Stewart,* 571 F.2d at 963; *United States v. Spectro Foods Corp.,* 544 F.2d at 1182; *Douglass v. First Nat'l Realty Corp.,* 177 U.S.App.D.C. 409, 413, 543 F.2d 894, 898 (1976); *IBM v. United States,* 493 F.2d at 115. In other words, under civil contempt, the contemnor carries the key to the prison, or the ticket to nullify any monetary fines, in his own pocket. *Southern Ry. Co. v. Lanham,* 403 F.2d at 125.

Roux argues that because the question of its contempt of this Court's 1975 warrant was still pending when the 1977 warrant was issued, there was no need for Roux to comply with the 1977 warrant. That argument is specious. Whether or not Roux is ever held in contempt of the 1975 warrant does not excuse further disobedience to other valid orders of the Court. The Court will not at this time rule on the question of Roux's contempt of the 1975 warrant, in view of the length of time that has passed and the possible staleness of that warrant. On the other hand, the Court will enter an order holding Roux in civil contempt of this Court's October 19, 1977, administrative search warrant, issued by the Magistrate. The Court expressly holds that warrant, based upon showing of probable cause before the Magistrate, to be a valid order of this Court which must be complied with. At the same time, however, the Court will withhold the imposition of sanctions for thirty days, allowing Roux the opportunity to purge itself of the contempt of the Court's 1977 warrant by faithfully and scrupulously complying with it.

Despite the withholding of a ruling on the question of Roux's contempt of the 1975 warrant, should Roux fail to comply with the 1977 warrant, and at the same time fail to purge itself of its contempt, the Court will consider, in imposing sanctions, the overall pattern of Roux's resistance as evidenced by its failure to obey the 1975 warrant, as well as the 1977 warrant. However, the Court takes notice of the recent reorganization of Roux, in being acquired by another cosmetic corporation; and as a result, the Court is hopeful that it will find from now on prompt and more faithful compliance with its orders.