NESBITT, Judge.
The defendant, Allan Applestein, appeals a final order holding him in contempt of court. We affirm.
This cause commenced with an action to domesticate in Florida two judgments entered in New York. The trial court granted the plaintiffs’ motion for judgments on' the pleadings and final judgments were entered against the defendant. When discovery of the defendant’s assets was sought, the defendant successfully invoked his fifth amendment rights, claiming to be the subject of an ongoing criminal investigation by the Internal Revenue Service.
On July 20, 1979, the trial court entered an order requiring the defendant to “set aside sufficient of his funds to pay the within judgments, together with interest and costs.” The defendant, thereafter, deposited a sufficient amount in a bank account in Nassau, Bahamas. On July 23, 1980, the judge who had entered the earlier order attempted to clarify it in another order declaring that he meant for the funds to be set aside in a bank within the jurisdiction of the court.
The case was subsequently reassigned to another judge who issued a rule to show cause as to whether the defendant should be held in contempt for failure to comply with the July 23, 1980 advisory order. The lower court subsequently discharged the rule to show cause finding that the July 23, 1980 order did not have retroactive effect because it went to a substantive error and, therefore, it had no legal effect because it attempted to modify an order more than one year after its entry. The defendant was found to be in compliance with the July 20, 1979 order. Following a hearing on June 20, 1983, however, the lower court announced that the defendant was in contempt of the July 20, 1979 order because the defendant had not “set aside” the funds in that there were no restrictions on the account. The defendant appeals this finding of contempt.
The defendant first contends that the lower court had twice previously determined that he was in compliance with the July 20, 1979 order and should not now be allowed to change its position where the facts have not changed. It is apparent from the record, however, that in the two previous determinations the issue before the court was whether or not the order required the funds to be placed in a bank within the jurisdiction of the court. The question of whether the funds were properly “set aside” was apparently never raised. The court, therefore, was considering this issue for the first time at the June 20, 1983 hearing.[1]
*35 A letter from the bank stated that the defendant’s account balance was in excess of the amount required and had been for the last three years. Nothing from the bank, however, indicated that the funds in the account were restricted in any way, • or that there was anything to prevent the defendant from using or removing the funds at any time. The court, therefore, found that the funds had not been set aside as required by the July 20, 1979 order. The court specifically found that “set aside” was a legal term of art meaning restricted from other uses and reserved for a specific purpose, and that the order required more than merely “maintaining” a balance sufficient to cover the judgments. We find that the court’s interpretation of the term “set aside” was the correct one and is consistent with its common meaning. See The American Heritage Dictionary 1122 (2d ed. 1982) (set aside means “[t]o separate and reserve for a special purpose”).
The defendant contends that this interpretation is confusing and interjects new terms and conditions into the July 20, 1979 order. We disagree. When the court stated that “[s]et aside could be many things,” the court was not receding from its position that the term had a specific meaning. It was merely prefacing its illustrations of the numerous ways in which the defendant could have complied with the terms of the order. Furthermore, these illustrations of means by which the defendant could have complied with the order were not meant to be exclusive. The fact remained, however, that the defendant had failed to “set aside,” in any manner, the funds as required by the July 20, 1979 order. The court, therefore, found the defendant in indirect civil contempt. The defendant was then given the opportunity to purge himself of the contempt by converting his account in Nassau to a joint signatory account in both his name and one of the plaintiffs’ names. This means of purging the contempt cannot be viewed as altering or modifying in any way the original order which the defendant had already been found to be disregarding.
Finally, we also find the other arguments of the defendant to be without merit. The lower court specifically found that the defendant had the ability to comply with the July 20, 1979 order, and yet willfully, intentionally and knowingly failed to set aside the funds in accordance with the order. See Hamra v. Hamra, 350 So.2d 538 (Fla. 3d DCA 1977). In regard to the issue of whether the defendant intended to transgress the court order, a determination of the facts and inferences to be drawn therefrom is left to the trial court and its findings will not be disturbed when reasonably supported by the record. Ward v. State, 354 So.2d 438 (Fla. 3d DCA 1978). We find that the record amply supports the trial court’s finding that the defendant was in contempt of the July 20, 1979 order by his failure to “set aside” the required funds.
Accordingly, we affirm.

. Even if the issue had been raised previously, there would be no res judicata effect barring the *35 court's reconsideration of the issue at a later date. The nature of the offense here is the ongoing and continuous disobedience of a court order. Therefore, the disobedient conduct occurring after the prior determination would be subject to a later contempt proceeding. Cf. United States v. Roux Laboratories, Inc., 456 F.Supp. 973 (M.D.Fla.1978) (whether or not a defendant should properly be held in contempt for failure to comply with an earlier order does not excuse further disobedience to other valid orders of the court).